Docket No. 101263.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

---

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. SHERMAN CAMPBELL, Appellee.

*Opinion filed November 30, 2006.–Modified on denial of rehearing January 22, 2007.*

CHIEF JUSTICE THOMAS delivered the judgment of the court, with opinion.

Justices Freeman, Fitzgerald, Kilbride, Garman, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

Defendant, Sherman Campbell, was charged with driving with a suspended license, a Class A misdemeanor that is punishable by imprisonment (625 ILCS 5/6–303(a) (West 2004); 730 ILCS 5/5–8–3(a)(1) (West 2004)). On the day of trial, defendant appeared without counsel and requested a bench trial. Before proceeding with defendant's request, the circuit court of Will County admonished defendant of his right to a jury trial and obtained from defendant a signed jury waiver. The following exchange then occurred:

> "COURT: And you are proceeding to trial without an attorney, is that correct?
>
> DEFENDANT: Yes.
>
> COURT: All right. And you do not want an attorney?

DEFENDANT: No.

COURT: All right. Then have a seat right there at counsel table, and we will begin."

A bench trial followed, and defendant was convicted. Although the State requested a sentence of imprisonment, the trial court sentenced defendant to 12 months of conditional discharge, subject to the payment of a $100 fine and the performance of 240 hours of community service.

Defendant appealed, arguing that his conviction should be reversed because the trial court accepted his waiver of counsel without first complying with Supreme Court Rule 401(a) (134 Ill. 2d R. 401(a)). That rule states:

"(a) Waiver of Counsel. Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." 134 Ill. 2d R. 401(a).

The appellate court agreed with defendant and vacated his conviction. 359 Ill. App. 3d 281. We allowed the State's petition for leave to appeal. 177 Ill. 2d R. 315(a).

ANALYSIS

At the outset, we note that defendant has fully discharged the sentenced imposed in this case. This is of no consequence, however, as this court has previously held that, while the completion of a defendant's sentence renders moot a challenge to the sentence, it does not so render a challenge to the conviction. *In re Christopher K.*, 217

Ill. 2d 348, 359 (2005). This is because the nullification of a conviction may hold important consequences for a defendant. *In re Christopher K*., 217 Ill. 2d at 359. Here, defendant's claim clearly calls into question the validity of his conviction. The claim therefore is not moot.

Turning to the merits, we are required in this case to construe the scope and meaning of Supreme Court Rule 401(a). The principles by which we construe supreme court rules are familiar and well settled. The same principles that govern the interpretation of statutes govern the interpretation of rules of this court. *In re Estate of Rennick*, 181 Ill. 2d 395 (1998). Our goal is to ascertain and give effect to the intention of the drafters of the rule. *Rennick*, 181 Ill. 2d at 404. A court will apply clear and unambiguous language of a rule as it is written, without resorting to any further tools of construction. *Rennick*, 181 Ill. 2d at 405. Like the interpretation of a statute, the interpretation of a supreme court rule is a question of law that we review *de novo*. *Rennick*, 181 Ill. 2d at 401.

The language of Rule 401(a) could not be clearer: a trial court "shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first *** informing him of and determining that he understands *** that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." 134 Ill. 2d R. 401(a). The purpose of this rule is "to ensure that a waiver of counsel is knowingly and intelligently made." *People v. Haynes*, 174 Ill. 2d 204, 241 (1996). Accordingly, substantial compliance with Rule 401(a) is required for an effective waiver of counsel. *Haynes*, 174 Ill. 2d at 236.

Here, there was no compliance, substantial or otherwise, with Rule 401(a). Although defendant was accused of an offense punishable by imprisonment, the trial court allowed him to proceed to trial *pro se* without making any attempt to inform him of the nature of the charges, the range of possible penalties, or his right to counsel. Defendant's waiver of counsel was therefore ineffective, and his conviction cannot stand.

In opposition to this result, the State argues that the trial court's failure to admonish defendant was harmless because it turns out that defendant had no right to counsel in this case. In support, the State relies upon the Supreme Court's decision in *Scott v. Illinois*, 440 U.S.

367, 59 L. Ed. 2d 383, 99 S. Ct. 1158 (1979). In that case, the Supreme Court explained that the sixth amendment right to counsel prohibits the incarceration of any indigent defendant who is not offered appointed counsel. In other words, under *Scott*, the sixth amendment right to counsel exists only in those cases in which a sentence of imprisonment is actually imposed. *Scott v. Illinois*, 440 U.S. at 373, 59 L. Ed. 2d at 389, 99 S. Ct. at 1162 (actual imprisonment is "the line defining the constitutional right to appointment of counsel"). Because this is not such a case, the State maintains that defendant had no sixth amendment right to counsel and therefore nothing to be advised of or waive.

The problem with the State's argument is that Illinois provides a right to counsel that is broader than the sixth amendment right to counsel. Section 113–3(b) of the Code of Criminal Procedure of 1963 states that "[i]n all cases, except where the penalty is a fine only, if the court determines that the defendant is indigent and desires counsel, the Public Defender shall be appointed as counsel." 725 ILCS 5/113–3(b) (West 2004). In *People v. Hall*, 114 Ill. 2d 376 (1986), this court explained that "[t]he provisions of section 113–3(b) *** assure the *right to counsel* to an indigent defendant." (Emphasis added.) *Hall*, 114 Ill. 2d at 402. So even if defendant did not possess a sixth amendment right to counsel in this case, he *did* possess a statutory right to counsel, as this was not a case in which the penalty imposed was a fine only.

Significantly, nothing in either Rule 401(a) or this court's jurisprudence supports the State's assertion that Rule 401(a) is concerned solely with waivers of the constitutional right to counsel. On the contrary, this court has confirmed that Rule 401(a) is wholly unconcerned with the source from which the right to counsel derives. In *People v. Dupree*, 42 Ill. 2d 249, 252 (1969), the defendant was charged with battery, a misdemeanor punishable by up to six months in a penal institution " 'other than the penitentiary.' " He proceeded to trial *pro se*, and the record established that he was neither informed of nor made to waive his right to counsel. On appeal, the defendant argued that these deficiencies violated both his statutory rights and due process of law. In rejecting the defendant's argument, the court first explained that, under the plain language of section 113–3(b), a defendant has no right to be informed of his statutory right to counsel:

-4-

"It is patent from the plain words of the statute that this statute envisages that there be a showing that defendant desired and requested counsel. The evidence and contentions here show no such desire or request by defendant. Therefore we perceive no violation of this provision of the Code of Criminal Procedure." *Dupree*, 42 Ill. 2d at 251-52.

The court then explained that, under Supreme Court Rule 401(b) (now Rule 401(a)), the trial court was under no obligation either to inform the defendant of his right to counsel or to obtain from the defendant an express waiver of that right. At the time, Rule 401(b) required an express waiver of counsel only in cases in which the charged crime was punishable by "imprisonment in the penitentiary." Because the defendant in *Dupree* was not charged with such a crime, the court held that Rule 401(b) did not apply and that an express waiver of counsel was therefore unnecessary. *Dupree*, 42 Ill. 2d at 252.

*Dupree* confirms that the scope of Rule 401's express-waiver requirement is defined by the plain language of the rule, not by the scope of the sixth amendment right to counsel. Indeed, when *Dupree* was decided, this court did not recognize a constitutional right to counsel in misdemeanor prosecutions. See *Dupree*, 42 Ill. 2d at 253-57. Consequently, the statutory right to counsel was the only right to counsel that the defendant in *Dupree* possessed. Yet, in concluding that Rule 401(b) did not require an express waiver of counsel in that case, the *Dupree* court did not simply declare that Rule 401(b) was inapplicable to waivers of the statutory right to counsel. Instead, the court examined the crime with which the defendant was charged and determined that it was not within the class of crimes for which Rule 401(b) required an express waiver. Thus, *Dupree* establishes that it is not the *source* of the right to counsel that determines whether Rule 401 applies; rather, it is the plain language of the rule.

CONCLUSION

The rules of this court are not suggestions; rather, they have the force of law, and the presumption must be that they will be obeyed and enforced as written. *Bright v. Dicke*, 166 Ill. 2d 204, 210 (1995). Here, defendant was charged with an offense that is punishable by up

to one year of imprisonment, and he expressed his desire to proceed without counsel. Under the plain language of Rule 401(a), he was entitled to be advised of his rights, and the trial court's failure to do so was error. Ordinarily, that error would compel the reversal of defendant's conviction and a remand for a new trial. In this case, however, defendant has already discharged his sentence, and a new trial therefore would be neither equitable nor productive. Accordingly, we agree with the appellate court's conclusion that defendant's conviction must be vacated.[1] The judgment of the appellate court is therefore affirmed.

*Appellate court judgment affirmed.*

---

[1]In its petition for rehearing, the State insists that vacating the conviction confers a "windfall" on defendant and that the only appropriate remedy in this case is a new trial. We question whether defendant would perceive himself the beneficiary of a "windfall," having already served the 12 months of conditional discharge, performed the 240 hours of community service, and paid the $100 fine imposed in this case. In any event, the State did not raise this argument in its brief and therefore under Supreme Court Rule 341(e)(7) (210 Ill. 2d R. 341(e)(7)) may not raise it in arguing for rehearing.