No. 2--06--0764          Filed:  9-24-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06--CM--1379 |
| MARY O'LEARY, | ) ) | Honorable Thomas J. Riggs, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant Mary O'Leary appeals from her conviction of unlawful visitation interference (720 ILCS 5/10--5.5 (West 2004)) and subsequent sentence of 1 year of conditional discharge and 10 hours of public service employment.  She argues, among other things, that the trial court violated section 113--3(b) of the Code of Criminal Procedure of 1963 (725 ILCS 5/113--3(b) (West 2004)) by informing her that she had no right to have a public defender appointed to represent her.  The State concedes the point and notes that, in People v. Campbell, 224 Ill. 2d 80, 85-87 (2006), our supreme court held that a defendant has a statutory right under section 113--3(b) to have a public defender appointed when the defendant is subject to any penalty other than a fine.  We agree with the State that section 113--3(b) confers a right to counsel in "all cases, except where the penalty is a fine only." 725 ILCS 5/113--3(b) (West 2004).

The State further avers that Campbell provides that Supreme Court Rule 401(a) (134 Ill. 2d R. 401(a)) "mandates that the defendant be informed of her right to counsel." We disagree with the State on this point. As noted in Campbell, Rule 401(a) applies where a person is accused "of an offense punishable by imprisonment." Campbell, 224 Ill. 2d at 84, citing 134 Ill. 2d R. 401(a). Unlawful visitation interference is normally a petty offense not punishable by imprisonment; however, any person found guilty of unlawful visitation interference who has two prior convictions of the same crime is guilty of a Class A misdemeanor, which may by punished by imprisonment. 720 ILCS 5/10--5.5(c) (West 2004); see 730 ILCS 5/5--5--3 (West 2004) (sentences available for various levels of offenses).[1] The record indicates that defendant had been convicted one prior time of this offense. Therefore, this was not an offense punishable by imprisonment, and Rule 401(a) does not apply. Accordingly, though the State is correct that defendant was entitled to representation under section 113--3(b), it is incorrect that Rule 401(a) required the trial court to inform her of her statutory right to counsel.

As this case demonstrates, section 113--3(b) and Rule 401(a) do not always work in concert, as might be expected. There are cases in which a defendant may be subject to more than a fine, and thus statutorily entitled to representation, yet not subject to imprisonment, and thus not entitled under Rule 401(a) to be notified of the statutory right to representation. Campbell itself alludes to this apparent discrepancy by discussing People v. Dupree, 42 Ill. 2d 249 (1969), a case in which the

---

[1]Neither party raises the issue of whether a sentence for a misdemeanor may qualify as "imprisonment," but we note that subsection 5--5--3(b)(4) of the Unified Code of Corrections (730 ILCS 5/5--5--3(b)(4) (West 2004)) refers to "imprisonment" as a punishment for misdemeanors.

supreme court held that a defendant had a statutory right to counsel but no right to be notified of it under a previous version of Rule 401(a). See Campbell, 224 Ill. 2d at 86.

However, even if defendant here was not entitled under Rule 401(a) to be informed of her right to counsel, the State concedes that "defendant was told that she had no right to counsel." We take this concession as the State's acquiescence to defendant's argument that the trial court's statement "pre-empted any attempt *** to request the public defender *** by affirmatively misinforming her that she had no right to court-appointed counsel" and thus defendant cannot be said to have waived her statutory right to counsel.

Because defendant has discharged her sentence, and because the State has concluded that a new trial would not be "equitable or productive," the State asks that we vacate defendant's conviction. While our supreme court has noted that "nullification of a conviction may hold important consequences for a defendant" (Campbell, 224 Ill. 2d at 83), which the State has elsewhere characterized as a " 'windfall' " (Campbell, 224 Ill. 2d at 88 n.1), we defer to the State's election not to seek retrial here.

For the foregoing reasons, we vacate defendant's conviction.

Vacated.

BOWMAN and HUTCHINSON, JJ., concur.