# Illinois Official Reports

## Appellate Court

---

**People v. Bartholomew, 2015 IL App (4th) 130575**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS M. BARTHOLOMEW, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-13-0575 |
| Filed | July 7, 2015 |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 12-CF-1022; the Hon. John C. Costigan, Judge, presiding. |
| Judgment | Reversed; cause remanded. |
| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, and John M. McCarthy, all of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Jason Chambers, State's Attorney, of Bloomington (Patrick Delfino, David J. Robinson, and James C. Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Presiding Justice Pope and Justice Holder White concurred in the judgment and opinion. |

**OPINION**

¶ 1    In April 2013, a jury convicted defendant, Thomas M. Bartholomew, of two counts of aggravated battery, both Class 2 felonies (720 ILCS 5/12-3.05(d)(4), (h) (West Supp. 2011)) and one count of battery, a Class A misdemeanor (720 ILCS 5/12-3(a)(1), (b) (West 2010)). In June 2013, the trial court sentenced defendant to 13 years in prison.

¶ 2    On appeal, defendant asserts the trial court failed to substantially comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) prior to allowing him to proceed *pro se*. We reverse and remand for a new trial.

## I. BACKGROUND

¶ 4    On September 28, 2012, the State charged defendant by information with two counts of aggravated battery, both Class 2 felonies (720 ILCS 5/12-3.05(d)(4), (h) (West Supp. 2011)). The State alleged that on September 27, 2012, defendant knowingly (1) caused great bodily harm to a peace officer engaged in the execution of his official duties when he punched him in the mouth (count I); and (2) made contact of an insulting or provoking nature to the same peace officer when he punched him in the chest (count II). On April 8, 2013, the State charged defendant by information with battery, a Class A misdemeanor (720 ILCS 5/12-3(a)(1), (b) (West 2010)), based on the September 27, 2012, incident. The State alleged defendant knowingly and without legal justification caused bodily harm to the victim when he punched him in the face with his fist.

¶ 5    On April 8, 2013, defendant's jury trial commenced with defendant represented by an assistant public defender. The State presented its evidence–the details of which are not important to this appeal–and rested its case. Defendant, outside the presence of the jury, then requested to proceed *pro se* for the remainder of the trial. In considering defendant's oral motion to proceed *pro se*, the trial court informed defendant that it first had to determine whether he had "the requisite capacity to make a knowing and intelligent waiver of [his] right of counsel, not whether [he] can conduct [his] defense or not." The court then asked defendant a series of questions regarding his age, education level, mental health, and his prior involvement with legal proceedings. Next, the court informed defendant that he would be held to the same standard as an attorney–who has substantial experience and training in trial procedure–in presenting evidence, and that by representing himself, he may fail to make appropriate objections, and therefore, allow into evidence that which may not otherwise be admissible. The court further admonished defendant he could not later claim ineffective assistance of counsel from that point forward in the trial. Defendant stated he understood the court's admonishments and that his decision to proceed *pro se* would result in the discharge of his assistant public defender. Thereafter, the court found that defendant understood the admonishments, discharged the assistant public defender, and allowed him to proceed *pro se*.

¶ 6    After defendant presented evidence–the details of which are not important to this appeal–the jury returned guilty verdicts on all counts. Following a sentencing hearing, the trial court sentenced defendant–who, due to his prior record was subject to mandatory Class X sentencing–to 13 years in prison on count I. Counts II and III were merged into count I.

¶ 7    This appeal followed.

## II. ANALYSIS

On appeal, defendant asserts the trial court failed to substantially comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) prior to allowing him to proceed *pro se*. The State concedes the court did not substantially comply with Rule 401(a) and that defendant's conviction and sentence should be reversed. We agree.

Rule 401(a) provides as follows:

> "Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
>
>> (1) the nature of the charge;
>>
>> (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and
>>
>> (3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." *Id.*

In *People v. Campbell*, 224 Ill. 2d 80, 84, 862 N.E.2d 933, 936 (2006), our supreme court stated, "[t]he purpose of this rule is 'to ensure that a waiver of counsel is knowingly and intelligently made.' " (quoting *People v. Haynes*, 174 Ill. 2d 204, 241, 673 N.E.2d 318, 335 (1996)). Thus, Rule 401(a) admonishments "must be provided when the court learns the defendant has chosen to waive counsel so the defendant can consider the ramifications of his decision." *People v. Stoops*, 313 Ill. App. 3d 269, 275, 728 N.E.2d 1241, 1245 (2000). Prior admonishments, if any, are not sufficient. *Id*. "Accordingly, substantial compliance with Rule 401(a) is required for an effective waiver of counsel." *Campbell*, 224 Ill. 2d at 84, 862 N.E.2d at 936.

In this case, the trial court did not address any of the three elements required by Rule 401(a) prior to allowing defendant to proceed *pro se* during the defense portion of his trial. Accordingly, defendant's waiver of counsel was ineffective and his conviction and sentence must be reversed. See *id*. at 85, 862 N.E.2d at 936 (a conviction following an ineffective waiver of counsel cannot stand).

## III. CONCLUSION

For the reasons stated, we reverse the defendant's conviction and sentence and remand for a new trial.

Reversed; cause remanded.