**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180665-U

Order filed January 5, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Tazewell County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-18-0665 Circuit Nos. 16-CM-212, 16-TR-4845, and 16-TR-4846 |
| DOUGLAS L. MANLEY, | ) ) ) | Honorable Frank W. Ierulli, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court.
Justices Holdridge and Wright concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court failed to substantially comply with Rule 401(a), and the proper remedy is reversal of defendant's misdemeanor convictions and remand for a new trial.

¶ 2     Defendant, Douglas L. Manley, appeals his convictions for obstructing a peace officer, driving while his license was revoked, and operating an uninsured motor vehicle. Defendant contends that the Tazewell County circuit court failed to substantially comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984). We affirm in part, reverse in part, and remand.

¶ 3                                          I. BACKGROUND

¶ 4          Defendant was charged with obstructing a peace officer (720 ILCS 5/31-1(a) (West 2016)), a Class A misdemeanor. Defendant was also charged with driving while his license was revoked (625 ILCS 5/6-303 (West 2016)), a Class A misdemeanor, and operating an uninsured motor vehicle (*id.* § 3-707), a petty offense. The charges were filed under separate case numbers but arose from a single incident. Defendant proceeded in the circuit court as a self-represented litigant.

¶ 5          On November 28, 2016, the court noted that defendant had been charged with obstructing a peace officer and had previously been advised as to the sentencing range. The court asked defendant if he wanted to continue to represent himself. Defendant replied that he was "standing as" himself. The court asked defendant if he wanted counsel appointed, and defendant said he did not. The court asked defendant if he understood that he had the right to court-appointed counsel if he could not afford his own attorney. Defendant replied that he and the court had already gone through that.

¶ 6          On January 10, 2017, a pretrial hearing was held. The judge indicated that he was new to the case and did not know what defendant had been told before. The court advised defendant regarding the possible penalties if he were convicted of the offense of obstructing a peace officer. Defendant said that he understood the possible penalties. The court advised defendant that he had the right to hire an attorney or to the appointment of the public defender if he could not afford an attorney. The court also said that defendant had the right to continue representing himself. Defendant stated that he understood these options. The court advised defendant that there were disadvantages to not being represented by an attorney. The court asked defendant if he still wished to represent himself. Defendant replied, "I stand as myself before this Court representing the

2

fictional name Douglas Lynn Manley." The court found that defendant had knowingly, intelligently, and voluntarily waived his right to counsel.

¶ 7    On August 31, 2017, defendant indicated that he believed he should possibly seek the assistance of counsel. At the next court date, at which the matter was set for trial, the court said that it would continue the matter and directed defendant to contact the public defender's office. Defendant eventually retained the services of the public defender.

¶ 8    On September 10, 2018, defendant appeared with his attorney. The court advised defendant that his trial would commence the next day at 9 a.m. Defendant stated that he was ready for trial that day. Defendant then said that he did not believe that his appointed counsel was applying himself to the case, and counsel had not discussed the case with him. Defendant said that counsel was now telling him that he was trying another case that day and that defendant's trial would be delayed until the next day. Defendant stated that this was a delay of justice. Defendant said he wanted his attorney to be dismissed, and he wanted to represent himself.

¶ 9    The court asked defendant how far he had gone in school. Defendant said that he was a high school graduate. The court asked defendant if he could read and write in English. Defendant said that he could do so. The court asked if defendant had ever represented himself in a trial, and defendant said that he had. Defendant said that he had selected a jury for that trial, and the jury found him guilty. Defendant said, "I know what I'm getting into, Judge." The court advised defendant that he was at a disadvantage because he did not have the expertise of an attorney. The court allowed defendant to represent himself and released the public defender from the case.

¶ 10    The matter proceeded to a jury trial, and defendant represented himself. The jury found defendant guilty of obstructing a peace officer, operating an uninsured vehicle, and driving while his license was revoked. The matter proceeded to a sentencing hearing. The State indicated that

3

defendant had numerous prior convictions for driving on a suspended or revoked license. Defendant also had prior convictions for driving under the influence of alcohol (DUI), domestic battery, and resisting a peace officer. The court sentenced defendant to concurrent sentences of 180 days' incarceration in the county jail for driving while his license was revoked and obstructing a peace officer. The court sentenced defendant to a $500 fine for operating an uninsured vehicle.

¶ 11                                    II. ANALYSIS

¶ 12        Defendant argues that the court failed to substantially comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) before permitting him to represent himself at his jury trial. As a result, defendant contends that his misdemeanor convictions should be reversed outright.

¶ 13        Initially, the State argues that defendant forfeited this issue by failing to object to the court's failure to admonish him in compliance with Rule 401(a) or include this issue in a posttrial motion. However, defendant requests that we review the issue under the plain error doctrine. The plain error doctrine allows us to review an unpreserved error where a clear or obvious error occurred and (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or (2) the "error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). The issue of whether the court substantially complied with Rule 401(a) is reviewable under the second prong of the plain error doctrine due to the fundamental nature of the right to counsel. *People v. Seal*, 2015 IL App (4th) 130775, ¶ 26; *People v. Vernon*, 396 Ill. App. 3d 145, 150 (2009).

¶ 14        The first step in plain error analysis is to determine whether an error occurred. *Piatkowski*, 225 Ill. 2d at 565. Rule 401(a) provides that the circuit court shall not permit a waiver of counsel

4

by a person charged with an offense punishable by imprisonment without first informing him and determining that he understands (1) the nature of the charge, (2) the minimum and maximum sentence, and (3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court. Ill. S. Ct. R. 401(a) (eff. July 1, 1984). Compliance with Rule 401(a) is mandatory, but strict compliance is not always required. *People v. Wright*, 2017 IL 119561, ¶ 41. "Rather, substantial compliance will be sufficient to effectuate a valid waiver if the record indicates that the waiver was made knowingly and voluntarily, and the admonishment the defendant received did not prejudice his rights." *People v. Haynes*, 174 Ill. 2d 204, 236 (1996).

¶ 15 Here, the court failed to give defendant any of the required Rule 401(a) admonitions at the time he waived his right to counsel on September 10, 2018. Accordingly, we cannot find that the court substantially complied with the rule. The court questioned defendant concerning his education and experience representing himself. The court also extensively admonished defendant of the disadvantages of self-representation. However, the court failed to advise defendant of the nature of the charge, the possible sentencing ranges, and that he had a right to counsel, including appointed counsel if he was indigent, as required by Rule 401(a).

¶ 16 We acknowledge that the circuit court complied with the requirements of Rule 401(a) at a proceeding approximately 20 months before defendant discharged the public defender, at least with regard to the charge of obstructing a peace officer. While our supreme court has found substantial compliance with the rule where there was a three month delay between the admonitions and the waiver (see *id.* at 240-41), the parties have cited no cases that have found substantial compliance after a delay comparable in length to the one in the instant case, and we are aware of none. We note that in *People v. Stoops*, 313 Ill. App. 3d 269, 275 (2000), the court held:

"The admonishments necessary under Rule 401(a) must be provided when the court learns the defendant has chosen to waive counsel so the defendant can consider the ramifications of his decision. Prior admonitions or the request to discharge counsel do not serve to fully inform a defendant of the ramifications of acting on his own behalf. He cannot be expected to rely on admonishments given several months earlier, at a point when he was not requesting to waive counsel."

As the court failed to give any of the required Rule 401(a) admonitions at the time of the waiver, we do not find that defendant was fully informed pursuant to the rule based solely on admonitions given 20 months earlier.

¶ 17    We reject the State's reliance on *People v. Redmond*, 2018 IL App (1st) 151188, in support of its argument that the circuit court's failure to include every required admonishment did not impede defendant from giving a knowing and intelligent waiver because defendant possessed a degree of knowledge or sophistication that excused the lack of admonition. In *Redmond*, the court advised the defendant of his right to counsel at the time of his waiver but failed to advise him of the nature of the charge or the applicable sentencing range. *Id.* ¶ 24. The *Redmond* court held that the record made clear that the defendant understood the nature of the charge. *Id.* The *Redmond* court further found that the court's failure to admonish defendant concerning the possible penalties did not render his waiver ineffective because it was clear that he knew what he was doing when he decided to represent himself. *Id.* ¶ 26. Here, unlike *Redmond*, the court did not give defendant *any* of the required admonishments at the time of the waiver. We decline to find substantial compliance based solely on proceedings held 20 months earlier and defendant's prior experience representing himself.

¶ 18    Because the court erred in failing to substantially comply with Rule 401(a), defendant's convictions for driving while his license was revoked and obstructing a peace officer must be reversed under the second prong of the plain error doctrine.  See *Seal*, 2015 IL App (4th) 130775, ¶ 26; *Vernon*, 396 Ill. App. 3d at 150. Rule 401(a) applies to these offenses because they are Class A misdemeanors punishable by imprisonment.  See Ill. S. Ct. R. 401(a) (eff. July 1, 1984); 720 ILCS 5/31-1(a) (West 2016); 625 ILCS 5/6-303 (West 2016); 730 ILCS 5/5-4.5-55 (West 2016). However, the Rule 401(a) error does not require us to reverse defendant's conviction for operating an uninsured motor vehicle, as this was a petty offense which was not punishable by imprisonment and for which Rule 401(a) admonitions were not required.  See Ill. S. Ct. R. 401(a) (eff. July 1, 1984); 625 ILCS 5/3-707 (West 2016); 730 ILCS 5/5-1-17 (West 2016).

¶ 19    We now turn to the question of whether defendant's misdemeanor convictions should be reversed outright or whether the matter should be remanded for a new trial.  Defendant contends that his misdemeanor convictions should be reversed outright pursuant to *People v. Campbell*, 224 Ill. 2d 80 (2006).  In *Campbell*, the defendant was convicted of driving with a suspended license, a Class A misdemeanor.  *Id.* at 82-83.  The *Campbell* court held that the circuit court failed to comply with Rule 401(a) before accepting the defendant's waiver of counsel.  *Id.* at 84.  The court noted that the remedy would ordinarily be reversal of the defendant's conviction and remand for a new trial.  *Id.* at 87.  The *Campbell* court then stated: "In this case, however, defendant has already discharged his sentence, and a new trial therefore would be neither equitable nor productive."  *Id.* The court proceeded to vacate the defendant's conviction. *Id.* at 87-88.

¶ 20    Defendant contends that *Campbell* mandates outright reversal in this case because he, like the defendant in *Campbell*, has discharged his misdemeanor sentence.  The State contends that

7

remand for a new trial would be equitable and productive because defendant was convicted of obstructing a peace officer and was a recidivist concerning driving while his license was revoked.

¶ 21 We find that remand for a new trial is the appropriate remedy in this case. As the *Campbell* court noted, this is the usual remedy for a Rule 401(a) admonishment error. See *id.* at 87. We do not interpret *Campbell* as mandating outright reversal whenever the circuit court fails to substantially comply with Rule 401(a) and the defendant has completed his or her sentence. We note that cases decided after *Campbell* have elected not to outright reverse the defendants' convictions where the defendants had received improper Rule 401(a) admonitions despite the fact that the defendants had already served their sentences on the basis that *Campbell* was factually distinguishable. See *People v. Vazquez*, 2011 IL App (2d) 091155, ¶ 21 (holding that remand for retrial was appropriate where the defendant was charged with the Class A misdemeanors of contributing to the delinquency of a minor and harboring a runaway); *People v. Nemec*, 2019 IL App (2d) 170382, ¶ 24 (holding that remand for a new trial was appropriate where the defendant was charged with DUI, a Class A misdemeanor).

¶ 22 We similarly find this case to be factually distinguishable from *Campbell* such that remand for a new trial would be equitable and productive. See *Vazquez*, 2011 IL App (2d) 091155, ¶ 21. In the instant case, defendant was charged with the Class A misdemeanors of driving while his license was revoked and obstructing a peace officer as well as the offense of operating an uninsured vehicle. In *Campbell*, on the other hand, the sole charge was driving on a suspended license. *Campbell*, 224 Ill. 2d at 82. Also, the record in this case indicates that defendant had several prior convictions for driving on a suspended or revoked license, whereas the decision in *Campbell* does not indicate that the defendant was a recidivist offender.

¶ 23                                    III. CONCLUSION

8

¶ 24 For the foregoing reasons, we affirm defendant's conviction for operating an uninsured vehicle and reverse defendant's convictions for obstructing a peace officer and driving while his license was revoked. We remand the matter to the circuit court of Tazewell County for further proceedings consistent with this order.

¶ 25 Affirmed in part and reversed in part.

¶ 26 Cause remanded.