**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 230636-U

Order filed January 15, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0636 Circuit No. 22-CF-1544 |
| IVAN ISIAS ATILANO, | ) ) ) | Honorable Sarah-Marie F. Jones, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Presiding Justice Brennan and Justice Peterson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The court's deficient Rule 401(a) admonishment does not require reversal where defendant was not deprived of counsel at a critical stage of the proceedings.

¶ 2    Defendant, Ivan Isias Atilano, appeals from his convictions. Defendant argues the trial court failed to comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) when he waived his right to counsel, requiring reversal. We affirm.

¶ 3                  I. BACKGROUND

¶ 4 After a jury trial in April 2023, defendant was convicted of attempted first degree murder (720 ILCS 5/8-4, 9-1(a)(1) (West 2020)), two counts of home invasion (*id.* § 19-6(a)(1), (2)), residential burglary (*id.* § 19-3(a)), two counts of aggravated battery (*id.* § 12-3.05(a)(1), (f)(1)), unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)), criminal trespass to a residence (*id.* § 19-4(a)(2)), and domestic battery (*id.* § 12-3.2(a)(2)).

¶ 5 Defense counsel filed a motion for a new trial, arguing the court erred in (1) denying its motion *in limine*, (2) granting both the State's motion *in limine* to admit portions of defendant's recorded jail calls and oral motion to admit "a threat allegedly made *** by Defendant," and (3) overruling several of defense counsel's objections, including a motion for a directed finding. Defendant also filed *pro se* motions for a new trial, discovery, and seeking to proceed *pro se*. When defense counsel informed the court defendant filed a motion requesting to proceed *pro se*, the following colloquy occurred:

"THE COURT: Why do you want to go *pro se*? Because you were convicted by a jury of your peers?

* * *

THE DEFENDANT: Because I have a right to go *pro se* if I wanted to.

THE COURT: That is for sentencing.

THE DEFENDANT: I would just like to go *pro se* so I could review the whole—like all the motions, like my motions of discovery.

THE COURT: Discovery's done. You had a trial.

THE DEFENDANT: I know, but I would still like to review it before I go to sentencing, as well because I believe I have a right to see all of the stuff.

THE COURT: How old are you?

2

THE DEFENDANT: 37 years old.

THE COURT: You know this is going to delay it for, like, months, you understand that?

THE DEFENDANT: I totally understand.

THE COURT: Is that why?

THE DEFENDANT: No. There's no reason for that, it's just I could get more information on my case."

Following the court's inquiry, defendant indicated he had an associate's degree in accounting, could read and write English, and had been employed for seven years prior to the present offenses. Defendant was prescribed medication for "mood stability" and "anxiety." The court granted defendant's motion to proceed *pro se* and ordered counsel to tender discovery to defendant.

¶ 6 Following his conviction, defendant filed many *pro se* motions, including motions for a new trial and amended motions for a new trial raising substantially the same claims. Defendant did not want to adopt his trial attorney's motion for a new trial. In August 2023, the court commented, "This case obviously is starting to get old and I believe the defendant is intentionally delaying sentencing." Following arguments on defendant's motion for a new trial, the court denied the motion and defendant's remaining *pro se* motions. Defendant became disruptive in court, which resulted in direct criminal contempt.

¶ 7 On September 27, 2023, the State moved to revoke "defendant's right to proceed *pro se*." According to the State, defendant had disrupted proceedings, exhibited aggressive conduct, and disregarded court decorum. The court granted the State's motion and reappointed the public defender to represent defendant on his motion for a new trial.

3

¶ 8 On October 13, 2023, defense counsel asked the court to proceed on counsel's original motion for a new trial. Following arguments, the court denied the motion for a new trial. Regarding defendant's *pro se* "motion for mental examination," defense counsel informed the court he had gone over "the possibility of fitness" and based on his "communications with [defendant] both before and during trial as well as now, [he did not] have any *bona fide* doubt as to [defendant's] fitness to stand trial or sentencing."

¶ 9 On October 17, 2023, defense counsel declined to adopt defendant's remaining *pro se* motions. Counsel reiterated he had seen no signs of mental health issues affecting defendant's understanding of the proceedings or the roles of the judge and attorneys. To the extent defendant accused trial counsel of ineffective assistance for failing to review discovery, counsel stated that while "[a]ll videos were made available to [defendant]," defendant did not view two videos before trial. According to counsel, defendant had "indicated he wished to go forward with trial" despite not having personally viewed all of the evidence. Counsel stated he viewed all the videos in evidence, took notes summarizing the content of the two videos defendant had not viewed, and reviewed those notes with defendant.

¶ 10 On November 3, 2023, the court proceeded to a sentencing hearing where defendant was represented by counsel. The court sentenced defendant to 11 years' imprisonment for attempted first degree murder, and a consecutive term of 7 years' imprisonment for home invasion. The court entered a judgment of conviction for domestic battery and the remaining charges merged. Defense counsel filed a motion to reconsider sentence, which the court denied. This appeal followed.

¶ 11 II. ANALYSIS

¶ 12 On appeal, defendant argues the court did not substantially comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) before he waived his right to counsel. A defendant has the

constitutional right to the assistance of counsel. U.S. Const., amend. VI; Ill. Const. 1970, art. 1, § 8. The sixth amendment right to counsel applies to all critical stages of the criminal proceedings, including prior to trial, during trial, sentencing, and "any proceeding at which constitutional rights can be asserted or waived, or where events occur that could prejudice the defendant's trial." (Internal quotation marks omitted.) *People v. Vernón*, 396 Ill. App. 3d. 145, 154 (2009). However, a defendant also has the constitutional right to represent himself. *People v. Baez*, 241 Ill. 2d 44, 115 (2011). Before a defendant can make a knowing and intelligent waiver of his right to counsel and proceed to self-representation, a court must admonish him in accordance with Rule 401(a). *People v. Campbell*, 224 Ill. 2d 80, 87 (2006). Rule 401(a) provides:

> "Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
>
> (1) the nature of the charge;
>
> (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and
>
> (3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." Ill. S. Ct. R. 401(a) (eff. July 1, 1984).

¶ 13      "[T]he trial court need only substantially comply with [Rule 401(a)]." *People v. Ratliff*, 2024 IL 129356, ¶ 44. "Generally, a defendant is entitled to a reversal *** without making the otherwise-requisite showing that the deprivation caused him prejudice where the complete absence of his or her right to counsel occurs at a critical stage of the case." *Moore*, 2014 IL App (1st)

5

112592, ¶ 39. While a defendant is entitled to counsel for pretrial, trial, and sentencing, "not every moment is a 'critical stage.' " *Vernón*, 396 Ill. App. 3d at 153. "A critical stage exists when substantial rights of a criminal defendant may be affected; that is, when defendant required aid in coping with legal problems or assistance." *Moore*, 2014 IL App (1st) 112592, ¶ 39.

¶ 14    At the outset, we find the court did not substantially comply with Rule 401(a). It failed to admonish defendant as to the nature of the charges, associated minimum and maximum sentencing ranges, or defendant's right to appointed counsel at the time of defendant's waiver of counsel. Because the court failed to substantially comply with Rule 401(a), resulting in a deficient admonishment, we must determine whether defendant was unrepresented at a critical stage of his proceedings.

¶ 15    Here, we cannot say defendant was deprived of his right to counsel at a critical stage of the proceedings. Counsel's representation of defendant extended to trial, pretrial proceedings, and critical posttrial proceedings, including a motion for a new trial, sentencing, and a motion to reconsider sentence. See *Vernón*, 396 Ill. App. 3d. at 153. While defendant filed several *pro se* posttrial motions, the court reappointed counsel before concluding posttrial proceedings and permitted counsel adequate time to review defendant's previously filed *pro se* motions. During this time, counsel offered his opinion regarding defendant's *pro se* "motion for mental examination," stating it did not raise a *bona fide* doubt of defendant's fitness. Notably, counsel declined to adopt defendant's *pro se* motions or any claims therein, and declined to file a motion to reconsider the court's denials based on his conclusion that the motions were frivolous. "[T]he filing and presentation of a frivolous motion cannot be termed a critical stage because a defendant has no right to present a frivolous motion and, likewise, has no right to require the aid of counsel to do so." *Moore*, 2014 IL App (1st) 112592, ¶ 42. Moreover, the court permitted counsel to

6

advance his original motion for a new trial, even after it had denied defendant's *pro se* motion for a new trial. Given these facts, defendant had the benefit of counsel in determining which posttrial claims to advance. *Id.* ¶ 44. As a result, we find defendant was represented at all critical stages, including "any proceeding at which constitutional rights can be asserted or waived." (Internal quotation marks omitted.) *Vernón*, 396 Ill. App. 3d at 154. Conversely, we find defendant's *pro se* motions did not constitute a critical stage of the proceeding. *Moore*, 2014 IL App (1st) 112592, ¶ 42.

¶ 16    Given the circumstances of this case, defendant was not deprived of counsel at a critical stage, and thus, the court's deficient Rule 401(a) admonition does not require reversal.

¶ 17                                III. CONCLUSION

¶ 18    For the reasons stated, we affirm the judgment of the circuit court of Will County.

¶ 19    Affirmed.