# Illinois Official Reports

## Appellate Court

*In re Commitment of Snapp*, 2020 IL App (3d) 190024

| | |
|---|---|
| Appellate Court Caption | *In re* COMMITMENT OF WARREN C. SNAPP SR. (The People of the State of Illinois, Petitioner-Appellee, v. Warren C. Snapp Sr., Respondent-Appellant). |
| District & No. | Third District<br>No. 3-19-0024 |
| Filed | June 8, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 97-CF-2580; the Hon. Sarah-Marie F. Jones, Judge, presiding. |
| Judgment | Vacated and remanded with instructions. |
| Counsel on Appeal | Alexander H. Beck, of Sabuco, Beck, Hansen & Massino, P.C., of Joliet, for appellant.<br><br>Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Michael M. Glick and Michael L. Cebula, Assistant Attorneys General, of counsel), for the People. |

Panel                        PRESIDING JUSTICE LYTTON delivered the judgment of the court, with opinion.
Justice McDade concurred in the judgment and opinion.
Justice Schmidt dissented, with opinion.

## OPINION

¶ 1      Respondent, Warren C. Snapp Sr., having been found a sexually dangerous person (SDP), filed a *pro se* application alleging recovery under the Sexually Dangerous Persons Act (Act) (725 ILCS 205/9(a) (West 2018)). Following a bench trial, the circuit court found that he remained an SDP. On appeal, respondent argues that the trial court failed to make the requisite finding that it was substantially probable he would reoffend if not confined, as required by *People v. Masterson*, 207 Ill. 2d 305, 330 (2003). We vacate the trial court's order and remand for a new hearing on respondent's recovery petition.

¶ 2                      I. BACKGROUND

¶ 3      In March 1999, respondent was found to be an SDP and was committed to the custody of the Department of Corrections (DOC). He filed his third application for discharge or conditional release in 2010. Resolution of the application was delayed for several years, due, in part, to respondent's unsuccessful attempts to obtain a favorable expert report. After respondent waived his right to a jury, a bench trial began on September 11, 2018. At the conclusion of the proceedings, the trial court concluded that respondent was "still a sexually dangerous person and in need of confinement" and remanded him to the custody of the DOC.

¶ 4                      II. ANALYSIS

¶ 5      On appeal, respondent claims that the trial court failed to make an explicit finding that he was substantially probable to sexually reoffend if not confined. In the alternative, he argues that the court's denial of his application was against the manifest weight of the evidence.

¶ 6      The statutory elements of an SDP are (1) a mental disorder existing for at least one year before the petition was filed, (2) criminal propensities to the commission of sex offenses, and (3) demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children. 725 ILCS 205/1.01 (West 2018). In recovery proceedings, the State must prove by clear and convincing evidence that the applicant remains an SDP. *Id.* § 9(b). A finding of sexual dangerousness must "be accompanied by an explicit finding that it is 'substantially probable' the person subject to the commitment proceeding will engage in the commission of sex offenses in the future if not confined." *Masterson*, 207 Ill. 2d at 330.

¶ 7      Since our supreme court's decision in *Masterson*, courts have rejected the suggestion that the requirement of an explicit "substantially probable" finding may be satisfied where the evidence at trial would be sufficient to support such a finding. *People v. Bingham*, 2014 IL 115964, ¶ 35; *People v. Bailey*, 2015 IL App (3d) 140497, ¶ 13. "*Masterson* plainly requires an explicit finding" of substantial probability to reoffend in civil commitment proceedings. *Bingham*, 2014 IL 115964, ¶ 35. The explicit finding requirement applies in initial proceedings, as well as recovery proceedings. *Bailey*, 2015 IL App (3d) 140497, ¶ 14.

¶ 8        A trial court's failure to make a finding that there is a substantial probability defendant would engage in the commission of sex offenses in the future if not confined may not amount to harmless error. *Id.* ¶ 21. In *Bailey*, this court held that, absent other errors, the appropriate remedy for the lack of an explicit finding is to remand the cause for a full rehearing on the recovery application. *Id.* ¶¶ 22, 25.

¶ 9        Here, the trial court failed to make an explicit finding regarding respondent's probability of engaging in future sexual offenses if not confined. Respondent asks us to remand for a rehearing on his application. Relying on our holding in *Bailey*, we find that a new hearing is not only appropriate but required. See *id.* ¶ 25. Accordingly, we vacate the trial court's order and remand the matter for a full rehearing on respondent's application.

¶ 10                                    III. CONCLUSION

¶ 11        The judgment of the circuit court of Will County is vacated, and the cause is remanded for a new hearing on respondent's recovery application.

¶ 12        Vacated and remanded with instructions.

¶ 13        JUSTICE SCHMIDT, dissenting:

¶ 14        The majority vacates and remands the cause for a rehearing on respondent's application for discharge or conditional release. *Supra* ¶ 11. The majority finds that the trial court erred when it failed to expressly state that it found a substantial probability that respondent would sexually reoffend if not confined. I respectfully dissent. I would presume the trial court followed the law and did not need to make an explicit finding on the record.

¶ 15        In relevant part, the Act defines an SDP as someone with "criminal propensities to the commission of sex offenses." 725 ILCS 205/1.01 (West 2018). Originally, the Act did not define what constituted "criminal propensities to the commission of sex offenses." However, in 2013, our legislature amended the Act to provide:

> "For the purposes of this Act, 'criminal propensities to the commission of sex offenses' means that it is *substantially probable* that the person subject to the commitment proceeding will engage in the commission of sex offenses in the future if not confined." (Emphasis added.) *Id.* § 4.05.

¶ 16        This court must presume that the trial court knew and followed the Act, including the definition of an SDP, and the State's obligation to prove a substantial probability respondent would reoffend. See *People v. Jordan*, 218 Ill. 2d 255, 268-69 (2006) (reviewing court "must presume" that the circuit court "knows and follows" relevant statutory provisions, despite the trial court's failure to mention key provisions). We must, therefore, presume that the trial court's ultimate finding that respondent remains an SDP necessarily encompasses a determination that respondent is "substantially probable" to reoffend. No express finding is necessary under the amended version of the Act.

¶ 17        The majority reaches the opposite conclusion. The majority's conclusion that the absence of an explicit finding warrants reversal is based on our supreme court's decision in *Masterson*, 207 Ill. 2d at 330. In *Masterson*, the court reversed and remanded due to the trial court's failure to make an explicit finding that respondent was substantially probable to reoffend. *Id.* The flaw in the majority's reliance on *Masterson* is the legislature subsequently amended the Act to

include the "substantially probable" definition. In *Masterson*, only the lack of an express definition in the Act led the court to determine that due process required trial courts to make an express finding of substantial probability. See *id.* at 328-30. The *Masterson* court did not hold that an express finding must be made of any element explicitly included in the Act. Rather, trial courts needed to make an express finding of the "substantially probable" factor because at the time it was not expressly included in the statutory definition of an SDP. See *id.*

¶ 18    In response to *Masterson*, our legislature amended the Act to explicitly include "substantially probable" in the definition of an SDP. See 725 ILCS 205/4.05 (West 2018); see also 98th Ill. Gen. Assem., Senate Proceedings, Apr. 10, 2013, at 26-27. Consequently, it is unnecessary for a trial court to find that a respondent is an SDP and then expressly state for the record that respondent is substantially probable to reoffend. Under the plain language of the amended statute, the court's finding that respondent is an SDP necessarily encompasses the conclusion that respondent is substantially probable to reoffend. There is no longer a need to separately announce that the State proved this element as required by *Masterson*. Contrary to the majority's decision, there is no need to reverse and remand for a rehearing.

¶ 19    Although the majority resolved the appeal on the above issue alone, I must address respondent's alternative argument challenging the sufficiency of the evidence presented at the hearing. Specifically, respondent contends the trial court erred when it concluded that he remained an SDP. A person is sexually dangerous if (1) the person suffered from a mental disorder for at least one year prior to filing the petition, (2) the mental disorder is associated with criminal propensities to the commission of sexual offenses, (3) the person demonstrated that propensity toward acts of sexual assault or acts of sexual molestation of children, and (4) there is an explicit finding that it is substantially probable that the person would engage in the commission of sex offenses in the future if not confined. *People v. Donath*, 2013 IL App (3d) 120251, ¶ 37 (citing 725 ILCS 205/1.01 (West 2008)). In this case, respondent only challenges the sufficiency of the evidence as to the fourth element: that he is substantially probable to reoffend if released.

¶ 20    To succeed on this challenge, respondent must show that the circuit court's judgment was against the manifest weight of the evidence. *Id.* ¶ 38. To that end, he must show that it "is clearly apparent" that he is not substantially probable to reoffend. *Id.* Upon review, I would find that the trial evidence overwhelming supports the trial court's conclusion.

¶ 21    Respondent's criminal history is as follows. In 1973, he (then 28 years old) pled guilty to three counts of indecent liberties with a 9-year-old boy and was sentenced to an indeterminate term of 4 to 12 years imprisonment. While on parole for the 1973 conviction, respondent fondled his eight-year-old niece's vagina, and his parole was extended by one year. In 1992, respondent pled guilty to aggravated criminal sexual abuse of a child and received a four-year prison sentence.

¶ 22    In 1997, the State charged respondent with criminal sexual abuse of a child after he kissed a nine-year-old boy, fondled the child's penis, and exposed his penis to the child. Based on these charges, the State filed a petition under the Act, seeking an order indefinitely committing respondent. Following a trial, the jury found respondent to be an SDP, and the court committed respondent to the custody of the Director of the Illinois Department of Corrections. On appeal, this court affirmed, finding the overwhelming evidence supported the conclusion that respondent was an SDP. Thereafter, respondent made two unsuccessful applications for discharge of conditional release.

¶ 23    This appeal involves respondent's third application for discharge or conditional release. At the trial on his application, Dr. Kristopher Clounch, a clinical psychologist, testified that respondent is "substantially probable" to reoffend if not confined. He based his conclusion on (1) respondent's long history of sexually abusing minors; (2) the undisputed fact that respondent is a pedophile, and pedophilia is a lifelong disorder that does not go away; (3) respondent's combined scores on the Static-99R and Stable 2007 scores actually underestimated respondent's risk of reoffending; (4) respondent's unwillingness to fully participate, and failure to progress, in therapy; (5) respondent's continued distorted thoughts about his victims, and his refusal to accept responsibility for his crimes; and (6) a finding that protective factors did not meaningfully reduce his risk of reoffending. Respondent did not offer an expert to rebut Dr. Clounch's testimony. The court found Dr. Clounch credible, and a reviewing court will not substitute its judgment for the trial court's credibility determination. See *id.* ¶ 41. Based on this, I would find that respondent failed to show the trial court's judgment is against the manifest weight of the evidence. See *id.* ¶ 38.

¶ 24    I would affirm the trial court.