**2021 IL 126176**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 126176)

*In re* COMMITMENT OF WARREN C. SNAPP SR.
(The People of the State of Illinois, Appellant, v. Warren C. Snapp Sr., Appellee).

*Opinion filed November 18, 2021.*

JUSTICE CARTER delivered the judgment of the court, with opinion.

Chief Justice Anne M. Burke and Justices Garman, Theis, Neville, Michael J. Burke, and Overstreet concurred in the judgment and opinion.

**OPINION**

¶ 1    In *People v. Masterson*, 207 Ill. 2d 305, 330 (2003), this court held that, in committing a respondent under the Sexually Dangerous Persons Act (Act) (725 ILCS 205/0.01 *et seq.* (West 1998)), the circuit court must make an explicit finding that the respondent is substantially probable to commit sex offenses in the future if not confined. The General Assembly subsequently amended the Act to include the

required element of a substantial probability to reoffend within the statutory definition of a sexually dangerous person (see Pub. Act 98-88, § 5 (eff. July 15, 2013) (adding 725 ILCS 205/4.05)). Given the amendment to the statute, we hold that the General Assembly has eliminated the requirement set forth in *Masterson* of a separate explicit finding by the circuit court that the respondent is substantially probable to reoffend if not confined. We, therefore, reverse the appellate court's judgment in this case requiring the explicit finding under *Masterson*. 2020 IL App (3d) 190024.

¶ 2                                                    BACKGROUND

¶ 3        In 1973, respondent Warren C. Snapp Sr. pleaded guilty to three counts of indecent liberties with a child and was sentenced to a term of 4 to 12 years' imprisonment. In 1992, respondent pleaded guilty to aggravated criminal sexual abuse and was sentenced to four years' imprisonment.

¶ 4        In 1997, after respondent was again charged with aggravated criminal sexual abuse, the State filed a petition seeking his commitment under the Sexually Dangerous Persons Act (725 ILCS 205/0.01 *et seq.* (West 1998)). Following a jury trial, respondent was found to be a sexually dangerous person and committed to the Department of Corrections. In 2004 and 2007, respondent filed applications for recovery (725 ILCS 205/9 (West 2004)), seeking release from his civil commitment. Both of those applications were denied following trial.

¶ 5        In 2010, respondent filed the application for recovery at issue in this appeal. The resolution of respondent's application was delayed for several years, and a bench trial was eventually held in 2018, after respondent waived his right to a jury trial.

¶ 6        At the bench trial, Dr. Kristopher Clounch, a clinical psychologist, testified that he evaluated respondent to determine whether he was still a sexually dangerous person. Based on his evaluation, Dr. Clounch diagnosed respondent with pedophilic disorder, sexually attracted to both females and males, nonexclusive type. Dr. Clounch testified that individuals with pedophilic disorder "will continue to have that sexual arousal to children for the remainder of their life." Respondent's probability of reoffending was assessed using two risk assessment tests, the Static-

99R and the Stable 2007. The combined scores from those two tests placed respondent in the "well above average" category for risk of reoffending. Dr. Clounch testified "individuals that are in the well above average category have been found to reoffend at a rate of three to four times the rate of the average sex offender."

¶ 7    Dr. Clounch also identified additional risk factors presented by respondent that were not considered in the risk assessment tests. Dr. Clounch concluded that respondent is "substantially probable to reoffend if not confined" and that he "still meets [the] criteria to be found a sexually dangerous person."

¶ 8    Based on the evidence, the circuit court of Will County denied respondent's application for recovery, finding he was "still a sexually dangerous person and in need of confinement." The circuit court, therefore, remanded respondent to the custody of the Department of Corrections.

¶ 9    On appeal, respondent contended that the circuit court erred in failing to make an explicit finding that he was substantially probable to reoffend if not confined, as required by this court's decision in *Masterson*. In the alternative, respondent argued that the circuit court's decision denying his application for recovery was against the manifest weight of the evidence.

¶ 10    The appellate court agreed that *Masterson* requires an express finding of a substantial probability to reoffend and held that the appropriate remedy for the circuit court's failure to make that explicit finding is a remand for a full rehearing on the application for recovery. 2020 IL App (3d) 190024, ¶¶ 7-8. Accordingly, the appellate court vacated the circuit court's judgment and remanded for a new hearing on respondent's recovery application. *Id.* ¶¶ 9-12.

¶ 11    Justice Schmidt dissented, observing that the legislature amended the Act in 2013 to include the requirement of a substantial probability to reoffend within the statutory definition of a sexually dangerous person. *Id.* ¶¶ 15-18 (Schmidt, J., dissenting). Under the amended statute, the circuit court's finding that respondent remains a sexually dangerous person "necessarily encompasses the conclusion that respondent is substantially probable to reoffend." *Id.* ¶ 18. Justice Schmidt, therefore, would have held that the circuit court did not err in failing to make a

separate explicit finding that respondent was substantially probable to reoffend if not confined. *Id.*

¶ 12     We allowed the State's petition for leave to appeal (Ill. S. Ct. R. 315 (eff. Oct. 1, 2019)) and entered an order on our own motion submitting the case on the briefs without oral argument.

¶ 13                                   I. ANALYSIS

¶ 14     On appeal to this court, the State asserts that, at the time *Masterson* was decided, the Act did not expressly require the State to prove the respondent was "substantially probable" to reoffend. In *Masterson*, this court held that, in finding a respondent a sexually dangerous person, the circuit court must explicitly state that the respondent is substantially probable to commit sex offenses in the future if not confined, to make "explicit what, perhaps, has been heretofore implicit." *Masterson*, 207 Ill. 2d at 330 The State contends that the General Assembly responded to the decision in *Masterson* by amending the Act to include within the sexually dangerous person definition the requirement that the respondent is substantially probable to commit sex offenses in the future if not confined. Thus, the State contends that the legislature has eliminated the need for the circuit court to announce a separate express finding of a substantial probability to reoffend in determining that a respondent remains a sexually dangerous person.

¶ 15     According to the State, the amendment to the Act renders it unnecessary and redundant for the circuit court to find respondent is a sexually dangerous person and to also explicitly state he is substantially probable to reoffend. Under the amended statute, the circuit court's determination that respondent is a sexually dangerous person necessarily encompasses the finding that he is substantially probable to reoffend. The State, therefore, contends that this court should hold it is no longer necessary for circuit courts to make the separate finding that a respondent is substantially probable to reoffend, as required by *Masterson*.

¶ 16     In his brief, respondent asserts the State's argument "that the 2013 amendment to the [Act] obviated *People v. Masterson* is most likely correct." Respondent concedes "it is reasonable to conclude that *Masterson*'s requirement of an explicit

finding that a [respondent] is 'substantially probable' to reoffend is no longer required."

¶ 17       We agree with the parties. In *Masterson*, this court considered whether the respondent's commitment under the Act violated his constitutional right to due process of law. *Id.* at 317. At that time, section 1.01 of the Act defined "sexually dangerous persons" as

> "[a]ll persons suffering from a mental disorder, which mental disorder has existed for a period of not less than one year, immediately prior to the filing of the petition hereinafter provided for, coupled with criminal propensities to the commission of sex offenses, and who have demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children ***." 725 ILCS 205/1.01 (West 1998).

¶ 18       We observed that, unlike the version of the Sexually Violent Persons Commitment Act in effect at the time (725 ILCS 207/1 *et seq.* (West 2000)), the Act did not "*specifically* address the probability or likelihood that the subject of the proceeding will engage in sexual offenses in the future." (Emphasis in original.) *Masterson*, 207 Ill. 2d at 319. A commitment under the Sexually Violent Persons Commitment Act required a finding of a substantial probability that the respondent would engage in proscribed sexual conduct in the future. *Id.* at 328 (citing 725 ILCS 207/5(f) (West 2000)). Given that "[d]angerousness and lack of control are the touchstones for civil commitment under [*Kansas v. Hendricks*, 521 U.S. 346 (1997)]," we concluded it was a matter of legislative oversight that the Act was not amended to include express language requiring a finding of a substantial probability to reoffend. *Id.* at 328-29.

¶ 19       This court, therefore, clarified that "a person must present a danger to offend in the future before he or she may be committed under the Act," to "mak[e] explicit what, perhaps, has been heretofore implicit" in section 1.01 of the Act. *Id.* at 330. Thus, this court held that a finding of sexual dangerousness under section 1.01 of the Act (725 ILCS 205/1.01 (West 2000)) "must hereafter be accompanied by an explicit finding that it is 'substantially probable' the person subject to the commitment proceeding will engage in the commission of sex offenses in the future if not confined." *Masterson*, 207 Ill. 2d at 330.

¶ 20 This court subsequently reaffirmed that to classify a respondent as a sexually dangerous person under the Act, the circuit court must make an explicit finding that the respondent is substantially probable to commit sex offenses in the future if not confined. *People v. Bingham*, 2014 IL 115964, ¶¶ 32-35 (citing *Masterson*, 207 Ill. 2d at 330). The decision in *Bingham*, however, was also based on the preamendment version of the Act. *Id.* ¶¶ 27, 37 (citing 725 ILCS 205/1.01 (West 2010)).

¶ 21 In 2013, the General Assembly amended the Act, addressing the deficiency identified in *Masterson*. The Act's definition of a "sexually dangerous person" remained unchanged and continued to require proof that a person (1) suffered from a mental disorder existing for at least one year prior to the filing of the petition, (2) demonstrated criminal propensities to the commission of sex offenses, and (3) demonstrated propensities toward acts of sexual assault or sexual molestation of children. 725 ILCS 205/1.01 (West 2014). The 2013 amendment added a provision, however, stating:

"For the purposes of this Act, 'criminal propensities to the commission of sex offenses' means that it is substantially probable that the person subject to the commitment proceeding will engage in the commission of sex offenses in the future if not confined." Pub. Act 98-88, § 5 (eff. July 15, 2013) (adding 725 ILCS 205/4.05).

¶ 22 The Act, therefore, now incorporates the required finding of a substantial probability to reoffend into the statutory definition of a sexually dangerous person. We presume that trial courts know and follow the law unless the record demonstrates otherwise. *People v. Jordan*, 218 Ill. 2d 255, 269 (2006) (citing *People v. Blair*, 215 Ill. 2d 427, 449 (2005)). Accordingly, in this case, we presume that the circuit court knew of the amendment requiring a finding that respondent was substantially probable to reoffend as an element of the sexually dangerous person definition.

¶ 23 Under the amended Act, it is unnecessary for a circuit court to make a separate express finding that the respondent is substantially probable to reoffend after finding the respondent is a sexually dangerous person. The statute, as amended, incorporates the finding of a substantial probability to reoffend into the definition of a sexually dangerous person. The circuit court's judgment that respondent is still

a sexually dangerous person under the Act necessarily includes the finding that he is substantially probable to commit sex offenses in the future if not confined. The separate express finding of a substantial probability to reoffend, as required by *Masterson*, is no longer necessary under the amended version of the Act. Accordingly, we reverse the appellate court's judgment holding that the circuit court erred in failing to make the explicit finding that respondent was substantially probable to commit sex offenses in the future if not confined.

¶ 24                                                    CONCLUSION

¶ 25        For the reasons stated above, the appellate court's judgment is reversed. The cause is remanded to the appellate court for consideration of the alternative arguments raised by respondent in his appeal.

¶ 26        Appellate court judgment reversed.

¶ 27        Cause remanded.