2022 IL App (2d) 210624
No. 2-21-0624
Opinion filed December 19, 2022

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kendall County. |
| Plaintiff-Appellee, | ) ) | Nos. 20-CM-195 |
| | ) | 20-TR-1712 |
| v. | ) | 20-TR-1713 |
| | ) | 20-TR-1714 |
| | ) | |
| QUINTON JAMES McKEE, | ) | Honorable |
| | ) | Jody P. Gleason, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Hutchinson and Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a bench trial, defendant, Quinton James McKee, was convicted of obstructing a peace officer (720 ILCS 5/31-1(a) (West 2020)), fleeing or attempting to elude a peace officer (625 ILCS 5/11-204(a) (West 2020)), speeding (*id.* § 11-601(b)), and disobeying a traffic control device (*id.* § 11-305(a)). The trial court sentenced defendant to 12 months' probation for obstructing a peace officer, ordered him to perform 100 hours of community service, and imposed a $400 fine. The court entered convictions and imposed fines on the remaining offenses. Following the denial of his posttrial motion, defendant timely appealed. Defendant contends that he did not validly waive his right to counsel, because the trial court did not properly admonish him under

Illinois Supreme Court Rule 401(a) (eff. July 1, 1984). We agree. Accordingly, we vacate and remand for a new trial.

¶ 2                                     I. BACKGROUND

¶ 3     On May 6, 2020, defendant received uniform traffic citations for (1) fleeing or attempting to elude a peace officer (case No. 20-TR-1712), (2) speeding (case No. 20-TR-1713), and (3) disobeying a traffic control device (case No. 20-TR-1714). Fleeing or attempting to elude a peace officer is a Class A misdemeanor. See 625 ILCS 5/11-204(a) (West 2020). Speeding and disobeying a traffic control device are petty offenses. See *id.* §§ 1-158.5, 11-202; 730 ILCS 5/5-1-17 (West 2020). On May 7, 2020, defendant was charged by complaint with a single count of obstructing a peace officer, a Class A misdemeanor (720 ILCS 5/31-1(a) (West 2020) (case No. 20-CM-195)). The trial court consolidated the four cases.

¶ 4     The return date on the traffic citations was June 15, 2020, at 807 West John Street, Yorkville, which was Yorkville High School. On that day, defendant appeared and signed a jury waiver form bearing all four case numbers. The preprinted text of the form stated that the defendant had been

> "fully advised of his/her right to plead not guilty, that he/she is presumed innocent, the nature of the charge(s), the possible punishment for each charge, including extended or consecutive sentences, the right to have a jury trial or a trial before a judge, to be proved guilty beyond a reasonable doubt, to confront the witnesses against him/her, to present evidence on his/her own behalf, to use the subpoena power of the Court, to have an attorney, and if indigent, to have an appointed attorney, and is advised of a trial in his/her absence."

A handwritten note on the form stated, "D advised Re: Representing himself."

¶ 5    No transcript or recording was made of the proceedings on June 15, 2020. According to the affidavit of Vicki L. Cohen, "Official Court Reporter/Supervisor" for Kendall County:

"1. [T]he transcript of June 15, 2020[,] in the above case was ordered by the Appellate Defender's Office for the appeal in the above matter.

* * *

4. June 15th, 2020[,] was a Monday. The proceedings for the above case on that date were held in the morning at the Yorkville High School. There was no court reporter present at the Yorkville High School during that period of time, nor was there a recording made at the Yorkville High School during that period of time."

¶ 6    On July 20, 2020, defendant appeared and requested time to hire an attorney. The following colloquy transpired:

"THE COURT: People versus Quinton McKee, 20 TR 1712, 20 TR 1713, and 20 TR 1714.

So, sir, I was told now you want to hire your own attorney; is that correct?

THE DEFENDANT: Yes, ma'am, correct.

THE COURT: Okay. Are you currently working?

THE DEFENDANT: Unemployed right now.

THE COURT: Okay. Do you have the funds to hire an attorney?

THE DEFENDANT: Yes.

THE COURT: Okay. So because this is the first time in court, it looks like this was a mail-in requesting?

MS. CUSACK [(ASSISTANT STATE'S ATTORNEY)]: No. He was present in court.

THE COURT: Okay.

MS. CUSACK: It was while [Y]our Honor was out. It was Judge McAdams.

THE COURT: Okay. So, sir, I am going to give you 30 days to hire an attorney, and we're going to set this for a status date. Okay?

I'm not going to reset it for a bench trial until you get your attorney in here.

So let's continue this to, how about August 24th?

THE DEFENDANT: Yes."

¶ 7 On August 20, 2020—four days before the next scheduled court date—defendant appeared before the trial court. When the court asked him if he had hired an attorney, he said, "No. I'm just going to represent myself." The following colloquy ensued:

"THE COURT: Okay. So you are charged with obstructing a peace officer. That's a Class A.

You already waived your right and asked for a bench trial on that one?

MR. PHELPS [(ASSISTANT STATE'S ATTORNEY)]: And, [Y]our Honor, I believe that we were actually up for a bench trial when [defendant] indicated he was not ready because he was going to hire an attorney. So we had already been—

THE COURT: Oh.

MR. PHELPS: —here ready for trial.

THE COURT: Okay.

MR. PHELPS: And this has happened before, Judge. So that's the concern with the State right now.

THE COURT: Okay. But *** is it set for bench trial on the 24th?

MR. PHELPS: No. It was set on July 20th. Defendant asked for today's date.

THE COURT: Okay. So, sir, you have a right to have an attorney. You are charged with a Class A misdemeanor. So that means that you could be sentenced up to one year in the Kendall County Jail and a maximum fine of $2,500.

Do you want to see if you qualify for the Public Defender?

THE DEFENDANT: No, I'm okay.

THE COURT: No? You don't want to have—you understand that if you represent yourself, then you're at somewhat of a disadvantage, because certainly the prosecutor has gone to law school. They know the rules of evidence, et cetera. And so you'll be·held to that same standard if you represent yourself, that you have to know the rules of evidence. Do you understand that?

THE DEFENDANT: I understand.

THE COURT: And you still want to represent yourself?

THE DEFENDANT: Yes, that's fine."

The court then set the bench trial for October 19, 2020.

¶ 8      On October 19, 2020, the parties appeared as scheduled. At the outset, the trial court called all four cases, and defendant indicated that he was ready to proceed to a bench trial. Both parties waived their opening statements. The State called its sole witness, the sheriff's deputy who stopped defendant. In addition to testifying about his observations and interactions with defendant, the deputy also authenticated the squad car video of the incident, which the State introduced. Defendant briefly cross-examined the deputy. Defendant elected to testify; he explained why he did not believe he was speeding, fleeing, or resisting arrest. The court found defendant guilty on all counts and continued the matter for a December 17, 2020, sentencing hearing.

¶ 9　On December 17, 2020, the trial court continued sentencing until February 4, 2021, to allow the State to correct errors in the presentencing investigation report (PSI).

¶ 10　On February 4, 2021, defendant asked for a further continuance to hire counsel. He acknowledged that he was being represented by a public defender in another case. Defendant explained that, although he was short of money, he wanted retained counsel in this case because he was so dissatisfied with that public defender's assistance. After a series of continuances, defendant retained counsel for a May 6, 2021, sentencing date. Further continuances obtained by counsel postponed the sentencing hearing to September 13, 2021. At that hearing, defendant's retained counsel represented him. The court sentenced defendant to 12 months' probation for obstructing a peace officer and ordered him to perform 100 hours of community service and pay a fine. It imposed fines for the remaining counts.

¶ 11　On September 17, 2021, defendant filed a *pro se* "motion to reconsider sentence," requesting a new trial. He asserted, among other things, that "there [were] just too many errors in the case and [the PSI]."

¶ 12　On September 23, 2021, defendant appeared *pro se* for the hearing on his motion. Although defendant did not mention his lack of counsel in his motion, he stated at the motion hearing that he wanted a new trial with counsel so that he would be "represent[ed] *** the right way." The court denied defendant's motion. Defendant timely appealed.

¶ 13　　　　　　　　　　　　　　II. ANALYSIS

¶ 14　Defendant contends that his waiver of counsel was invalid because the trial court failed to properly admonish him under Rule 401(a) before allowing him to represent himself at trial.

¶ 15                                    A. Forfeiture

¶ 16    Defendant acknowledges that he did not preserve this issue for review (see *People v. Enoch*, 122 Ill. 2d 176, 186 (1988)) but asks us to consider it under the plain-error doctrine.[1] We may review forfeited issues under the plain-error doctrine when

> "(1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." (Internal quotation marks omitted.) *People v. Thompson*, 238 Ill. 2d 598, 613 (2010).

---

[1]We note that, in his opening brief, after arguing for plain-error review, defendant states:

> "Additionally, the Illinois Supreme Court has held that when a defendant alleges that the trial judge erred by omitting mandatory admonitions required under its rules, 'it would be incongruous to hold that defendant forfeited' the issue, as such a holding 'would place the onus on defendant to ensure his own admonishment in accord with due process.' *People v. Whitfield*, 217 Ill. 2d 177, 188 (2005)."

However, given (1) the parties' apparent agreement that the issue here is amenable to second-prong plain-error review and (2) the abundance of supporting authority, we do not address defendant's seemingly alternative position that, under *Whitfield*, he simply did not forfeit the issue. Indeed, at oral argument, during her reply, defense counsel reiterated that she was proceeding under the second prong of the plain-error doctrine.

¶ 17 "Deprivation of the sixth amendment right to counsel is a classic area of plain-error review." *People v. Vernón*, 396 Ill. App. 3d 145, 150 (2009). Because of the importance of the right to counsel, claims of improper waiver are reviewable under the second prong of the plain-error doctrine. *People v. Moore*, 2021 IL App (1st) 172811, ¶ 12; *People v. Nemec*, 2019 IL App (2d) 170382, ¶ 16; *People v. Vázquez*, 2011 IL App (2d) 091155, ¶ 14; *People v. Black*, 2011 IL App (5th) 080089, ¶¶ 23-27; *Vernón*, 396 Ill. App. 3d at 150; *People v. Jiles*, 364 Ill. App. 3d 320, 328 (2006); *People v. Stoops*, 313 Ill. App. 3d 269, 273 (2000). The State agrees that the issue is subject to plain-error review but argues that no error occurred. See *Thompson*, 238 Ill. 2d at 613 (the first step in plain-error review is determining whether error occurred in the first instance). We determine *de novo* whether plain error occurred. *People v. Jones*, 2016 IL 119391, ¶ 10.

¶ 18                                     B. Legal Principles

¶ 19     Under the sixth amendment of the United States Constitution, a defendant facing incarceration has the right to counsel at all critical stages of the criminal process. *Iowa v. Tovar*, 541 U.S. 77, 80-81 (2004). In Illinois, a defendant has a right to counsel in all cases except where the offense is punishable by a fine only. See 725 ILCS 5/113-3(b) (West 2020). Because a Class A misdemeanor is punishable by imprisonment (see 730 ILCS 5/5-4.5-55(a) (West 2020)), the right to counsel attached here. A defendant entitled to counsel may represent himself "only if he voluntarily, knowingly, and intelligently waives his right to counsel." *Black*, 2011 IL App (5th) 080089, ¶ 11 (citing *People v. Campbell*, 224 Ill. 2d 80, 84 (2006)). Before accepting a defendant's waiver, the trial court must "fully inform [the] defendant of both the nature of the right being abandoned and the consequences of the decision." *Id.* (citing *People v. Kidd*, 178 Ill. 2d 92, 104-05 (1997)). The purpose of Rule 401 is to ensure that waivers of counsel are knowing and intelligent. *Campbell*, 224 Ill. 2d at 84. The rule requires:

"Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." Ill. S. Ct. R. 401(a) (eff. July 1, 1984).

Illinois Supreme Court Rule 401(b) (eff. July 1, 1984) provides that "[t]he proceedings required by this rule to be in open court shall be taken verbatim, and upon order of the trial court transcribed, filed and made a part of the common law record."

¶ 20    "[C]ompliance with Rule 401(a) is required for an effective waiver of counsel." *People v. Haynes*, 174 Ill. 2d 204, 236 (1996). However,

"[s]trict, technical compliance with the rule is not always required; substantial compliance is sufficient for a valid waiver of counsel if the record shows that the waiver was made knowingly and intelligently and that the trial court's admonishment did not prejudice the defendant's rights. [Citation.] A defendant's level of sophistication is a factor to consider in determining substantial compliance. [Citations.]" *People v. Hui*, 2022 IL App (2d) 190846, ¶ 51.

¶ 21                              C. The Parties' Arguments

¶ 22    Defendant argues that the trial court failed to comply with Rule 401(a), because, when admonishing him on August 20, 2020, the trial court (1) failed to advise defendant of the second Class A misdemeanor charge—fleeing and attempting to elude a peace officer, (2) failed to advise defendant that, if convicted of both misdemeanors, he might receive consecutive sentences on those offenses, and (3) failed to advise defendant about the nature of the obstruction charge.

¶ 23    In response, the State argues that a review of the entire record shows that the trial court substantially complied with Rule 401(a). According to the State, the record—particularly, the written jury waiver—reflects that the court fully admonished defendant on June 15, 2020, regarding the nature of the charges pending against him and the range of potential punishments for those charges, including consecutive sentencing. Later, on July 20, 2020, defendant acknowledged his prior waiver. Finally, on August 20, 2020, defendant confirmed that he wished to proceed *pro se*, at which point the trial court informed him that obstructing a peace officer was a Class A misdemeanor and that he faced a sentence of up to one year in jail and a maximum fine of $2500. According to the State, (1) the obstruction and fleeing-and-eluding charges were straightforward, (2) defendant never stated that he did not understand the charges, and (3) he never repudiated the sufficiency of the June 15, 2020, written waiver or the admonishments acknowledged therein.

¶ 24    Before reaching defendant's specific contentions, we must first consider whether, and to what extent, we may rely on the proceedings of June 15, 2020. According to the State, the record reflects that defendant was fully admonished per Rule 401(a) on June 15, 2020, and he signed a written waiver. Notably, defendant concedes that he did sign a written waiver on June 15, 2020, that relinquished his rights to an attorney and a trial by jury and that a notation on that waiver stated: "D advised re: representing himself." Nevertheless, defendant maintains that we cannot consider the June 15, 2020, proceeding or his signed jury waiver in determining whether the trial

court substantially complied with Rule 401(a) because that proceeding was not transcribed or otherwise made a part of the record as required by Rule 401(b). We agree.

¶ 25    As noted, Rule 401(b) provides that "[t]he proceedings required by this rule to be in open court shall be taken verbatim, and upon order of the trial court transcribed, filed and made a part of the common law record." Ill. S. Ct. R. 401(b) (eff. July 1, 1984). Although substantial compliance with Rule 401(a) may suffice to effectuate a valid waiver of counsel, trial courts must strictly comply with Rule 401(b). See *People v. Jamison*, 2014 IL App (5th) 130150, ¶ 15 (the defendant's waiver of counsel as reflected in the trial court's written order was ineffective where the proceeding at which the waiver purportedly occurred was not recorded verbatim and made a part of the record); *People v. Montgomery*, 298 Ill. App. 3d 1096, 1099 (1998) ("In light of the clear and unambiguous language of Rule 401(b) requiring the verbatim recording of the hearing on defendant's decision to waive the assistance of counsel, we hold that the bystander's report submitted by the State does not satisfy the requirements of Rule 401(b)."). Here, there was no court reporter present on June 15, 2020, and no transcript was prepared. Thus, any waiver of counsel that may have occurred on this date was ineffective. (We reject the State's suggestion at oral argument that our determination of substantial compliance should consider the "unique circumstances" surrounding the absence of the court reporter and, hence, a transcript—*i.e.*, the COVID-19 pandemic and its effect on the location of the proceedings. However, the absence of a court reporter at the June 15, 2020, proceeding had no bearing on the State's ability to comply with Rule 401(b) at later proceedings in this case, when a court reporter was present.)

¶ 26    Nevertheless, the State argues that, despite the absence of a transcript, we may rely on defendant's signed waiver to show that he received sufficient admonishments. The State bases its argument on the "presumption that the common law record is correct unless contradicted by

other facts in the record." The State is correct that, as a rule, we presume that the common law record is correct. *E.g.*, *People v. Martinez*, 361 Ill. App. 3d 424, 427 (2005). In addition, reviewing courts generally "presume that trial courts know and follow the law unless the record demonstrates otherwise." *In re Commitment of Snapp*, 2021 IL 126176, ¶ 22. Finally, another general rule is that "any doubts arising from an incomplete record will be resolved against the appellant." *People v. Majka*, 365 Ill. App. 3d 362, 368 (2006). If we applied these principles, we would assume that the trial court admonished defendant consistent with the written jury waiver and, hence, complied with Rule 401(a). But, if Rule 401(b) does anything, it must create an exception to those presumptions. If the rule's drafters believed that a signed jury waiver was adequate to demonstrate the sufficiency of Rule 401(a) admonitions, there would be no Rule 401(b). Rule 401(b), and the rule in its entirety, abrogate the general presumptions about the record. Therefore, we cannot rely on those presumptions to determine whether the record shows that the trial court substantially complied with Rule 401(a).

¶ 27     Setting aside, as we must, the proceedings of June 15, 2020, and the signed waiver from that day, the question is whether the admonishments given to defendant on July 20 and August 20, 2020—the only dates for which we have verbatim transcripts—substantially complied with Rule 401(a).

¶ 28               1. Failure to Admonish Defendant of a Charge:

Fleeing or Attempting to Elude a Peace Officer

¶ 29     Defendant first argues that the trial court completely failed to admonish defendant of one of the charges he faced—fleeing or attempting to elude a peace officer (625 ILCS 5/11-204(a) (West 2020)). See Ill. S. Ct. R. 401(a)(1) (eff. July 1, 1984) (requiring that the defendant be informed of and understand the "nature of the charge"). We agree. The record is clear that

defendant was never admonished of this charge. At the proceedings on August 20, 2020, the trial court advised: "[Y]ou are charged with obstructing a peace officer. That's a Class A." There is no evidence that defendant was otherwise aware of the fleeing and eluding charge when he waived his right to counsel. Thus, it is likely that defendant waived his right to counsel not knowing that he faced two Class A misdemeanors.

¶ 30    We reject the State's argument that the trial court's admonishments as to the nature of the charges substantially complied with Rule 401(a) because defendant "had already been informed of and understood the nature of the charges," which, according to the State, were "straightforward and not particularly complicated." Indeed, the State's argument fails because it relies, in large part, on the June 15, 2020, proceedings, which we have found inapplicable to our analysis.

¶ 31    We are also not persuaded by the State's reliance on *People v. Phillips*, 392 Ill. App. 3d 243, 263 (2009), as it is readily distinguishable. In *Phillips*, the State charged the defendant with a single count of aggravated battery of a peace officer, based on his hitting a deputy sheriff in the face. *Id.* at 245. On the day that the defendant decided to represent himself, the court admonished the defendant of the minimum and maximum sentences he faced but did not discuss the nature of charge or the defendant's right to counsel. *Id.* at 262-63. The reviewing court found that the trial court substantially complied with Rule 401(a) because the record reflected that the defendant had been fully admonished nine months before trial and nothing indicated that the defendant did not understand the charge, which was not "particularly complicated or sophisticated." *Id.* at 263. To be sure, fleeing and eluding may be a relatively straightforward charge. But, here, unlike in *Phillips*, there is nothing in the record to show that the trial court *ever* admonished defendant of that charge. Indeed, there are no admonishments to be considered, because no recording was made of the earlier June 15, 2020, court date.

¶ 32    Nor are we persuaded by the State's reliance on *People v. Pike*, 2016 IL App (1st) 122626. The State cites *Pike*'s remark that "there is no requirement that the court specifically recite all the counts against a defendant in order to substantially comply with [Rule 401(a)'s] required admonishment of the nature of the charge." *Id.* ¶ 117. *Pike*, like *Phillips*, is readily distinguishable because the record in *Pike* showed that "the court had previously admonished [the] defendant extensively regarding the nature of the charges against him." *Id.* ¶ 118. That was not the case here.

¶ 33                2. Failure to Correctly Admonish Defendant of

the Minimum and Maximum Sentence

¶ 34    Defendant next argues that the trial court also failed to correctly admonish defendant of "the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences." Ill. S. Ct. R. 401(a)(2) (eff. July 1, 1984). We agree. The court admonished defendant that, on the Class A misdemeanor obstruction charge, he faced a sentence of "up to one year in the Kendall County Jail and a maximum fine of $2,500." Contrary to the State's assertion, that admonishment was incomplete. Defendant was also charged with Class A misdemeanor fleeing and eluding. Were the trial court to convict defendant of both misdemeanor offenses, there was a possibility that it could order him to serve the sentences consecutively (see 730 ILCS 5/5-4.5-55(g), 5-8-4(c) (West 2020)), with a maximum aggregate sentence of one year of imprisonment (*id.* § 5-8-4(f)(2) ("When sentenced only for misdemeanors, a defendant shall not be consecutively sentenced to more than the maximum for one Class A misdemeanor.")). Thus, not only did the court fail to admonish defendant that he faced a second Class A misdemeanor charge, but it also failed to admonish him of possible consecutive sentencing on the two misdemeanors. Accordingly, the court's sentencing admonishments did not comply with Rule 401(a)(2). See *People v. Bahrs*, 2013 IL App (4th)

110903, ¶ 14 (holding that the trial court's failure to admonish the defendant that one of his prison sentences would run consecutively to his two other sentences rendered his waiver of counsel invalid).

¶ 35    The State suggests that an admonishment as to consecutive sentences was unnecessary because (1) the State never informed the trial court that it was seeking consecutive sentences and (2) the court did not find that consecutive sentences were "required to protect the public from further criminal conduct by the defendant" (730 ILCS 5/5-8-4(c)(1) (West 2020)). We disagree. Regardless of whether consecutive sentences were permissive and might not ultimately be imposed, defendant was subject to them when he waived counsel. Thus, the trial court was required to admonish defendant as to that possibility.

¶ 36    We also reject the State's argument that because defendant was sentenced to 12 months' probation on the obstruction charge—less than the maximum sentence of 12 months' imprisonment of which he was admonished—he cannot establish that any faulty sentencing admonitions prejudiced him. In support, the State cites *Pike*, 2016 IL App (1st) 122626, ¶ 122, for the proposition that "no prejudice arises from the failure to advise a defendant of the minimum sentence he might receive where the sentence he actually receives is below the maximum sentence of which he has been advised." That might be. And, indeed, the court here also failed to advise defendant of the minimum sentence he faced. However, *Pike* does not apply to the trial court's failure to admonish defendant that he faced possible consecutive sentencing.

¶ 37                         3. Failure to Admonish Defendant of

                             the Nature of the Obstruction Charge

¶ 38    Finally, defendant argues that the trial court's admonishment as to the nature of the obstruction charge did not substantially comply with Rule 401(a)(1), where the court stated only

"[s]o you are charged with obstructing a peace officer. That's a Class A." According to defendant, the trial court had to "explain the nature of the obstruction charge." In support, defendant relies on *People v. Montoya*, 94 Ill. App. 3d 6 (1981). In *Montoya*, the defendant was charged with criminal trespass to land and obstructing a peace officer. In admonishing the defendant, the trial court "did not comment on the nature of the charge, merely saying that the charge was 'Criminal Trespass to Land and Obstructing a Peace Officer.' Nor did the court make any reference to the minimum or maximum sentences prescribed by law ***." *Id.* at 9. We held that the waiver of counsel was invalid because the court did not *strictly* comply with the requirement that defendant be admonished of the nature of the charge. *Id.* at 9-10. However, while in *Montoya* we acknowledged a "divergence of opinion" in the appellate court over whether strict compliance with Rule 401(a) is necessary (*id.* at 9), our supreme court has since clarified that "substantial compliance will be sufficient to effectuate a valid waiver if the record indicates that the waiver was made knowingly and voluntarily, and the admonishment the defendant received did not prejudice his rights" (*Haynes*, 174 Ill. 2d at 236). Moreover, the rule requiring that a defendant be informed of the nature of the charges against him "does not require the trial court to state to defendant all facts which do or may constitute the offense." *Pike*, 2016 IL App (1st) 122626, ¶ 117 (citing *People v. Harden*, 78 Ill. App. 2d 431, 444 (1966) (interpreting the phrase "the nature of the charge against him" under previous Illinois Supreme Court Rule 26(3) (Ill. Rev. Stat. 1963, ch. 110, ¶ 101.26(3)) as "synonymous with the words essence, general character, kind or sort" (emphases and internal quotation marks omitted))). Here, the trial court admonished defendant that he was charged with "obstructing a peace officer." This admonishment was sufficient to inform defendant of the general character of the offense.

¶ 39    We note that, in his reply brief, defendant argues: "[I]t is relevant that the obstruction statute does not particularize the offense nor describe the act(s) which constitute the crime." Citing *People v. Stoudt*, 198 Ill. App. 3d 124, 128 (1990), and *People v. Green*, 368 Ill. 242, 252-55 (1938), he asserts that "[a]ny charge of obstruction must contain specific allegations of the acts constituting the offense in order to comply with due process." Thus, according to defendant,

> "[w]here a charge must contain specific allegations, such as with a charge of obstruction, it certainly does not follow that informing defendant of the 'nature' of that charge may be reduced to mere reference to the heading of the statute. Doing so does not explain the nature of the offense in any way, as it must be defined by a specific act."

However, this particular argument did not appear in defendant's opening brief; therefore, he has forfeited it. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (points not argued in an appellant's opening brief "are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing").

¶ 40    To summarize, the trial court failed to comply with Rule 401(a) by (1) neglecting to mention one of the two Class A misdemeanor charges against defendant and (2) failing to advise defendant that he faced possible consecutive sentencing on those offenses. In our view, these omissions rendered defendant's waiver of his right to counsel unknowing and involuntary. Thus, we conclude that defendant has shown plain error in the court's admonishments.

¶ 41                                            4. Double Jeopardy

¶ 42    Because defendant's waiver of counsel was invalid, we must vacate his convictions. Normally, we would decide whether defendant was entitled to an outright reversal or simply a new trial. Defendant would be entitled to an outright reversal if the State had not proved him guilty beyond a reasonable doubt, such that a retrial would constitute double jeopardy. *Moore*, 2021 IL

App (1st) 172811, ¶ 37. However, defendant does not argue that the evidence was insufficient, and he specifically asks for a retrial. "It is firmly established that the constitutional right to not be twice put in jeopardy for the same offense is a personal privilege which may be forfeited." *People v. Bannister*, 378 Ill. App. 3d 19, 29 (2007). The right is forfeited when the defendant seeks and obtains a new trial. *Id.*; see *People v. Meuris*, 2016 IL App (2d) 140194, ¶ 19 (accepting the defendant's "concession" of lack of a double jeopardy impediment to a new trial when the defendant sought a remand for a new trial). Thus, in asking for a new trial, defendant has forfeited any double jeopardy argument. Accordingly, we vacate and remand for a new trial.

¶ 43                                    III. CONCLUSION

¶ 44    For the reasons stated, we vacate the judgment of the circuit court of Kendall County and remand for a new trial.

¶ 45    Vacated and remanded.

2022 IL App (2d) 210624

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kendall County, Nos. 20-CM-195, 20-TR-1712, 20-TR-1713, 20-TR-1714; the Hon. Jody P. Gleason, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Amaris Danak, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | Eric C. Weis, State's Attorney, of Yorkville (Patrick Delfino, Edward R. Psenicka, and Adam J. Rodriguez, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |