NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231451-U

NOS. 4-23-1451, 4-23-1452, 4-23-1453, 4-23-1454 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 26, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Jersey County |
| JUSTIN W. KIRBY, | ) | Nos. 22MT205 |
| Defendant-Appellant. | ) | 23MT73 |
| | ) | 23MT85 |
| | ) | 23MT94 |
| | ) | |
| | ) | Honorable |
| | ) | Allison Lorton, |
| | ) | Judge Presiding. |

_____

JUSTICE GRISCHOW delivered the judgment of the court.
Justices Zenoff and Vancil concurred in the judgment.

**ORDER**

¶ 1     *Held*:    The appellate court vacated and remanded where defendant's waiver of counsel
                  was invalid because the trial court failed to adequately admonish him in
                  accordance with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984).

¶ 2     Defendant, Justin W. Kirby, was convicted of four counts of driving with a

suspended license (625 ILCS 5/6-303(a) (West 2022)), three counts of operating an uninsured

motor vehicle (*id.* § 3-707(a)), one count of driving with an expired motor vehicle registration

(*id.* § 3-413(f)), and two counts of driving without evidence of valid registration displayed (*id.*

§ 3-701(a)(1)). Defendant was sentenced to 30 days in jail, to be served on work release,

followed by one year of conditional discharge, and he was assessed $1300 in fines and costs. On

appeal, defendant argues his convictions and sentence should be vacated and the matter

remanded for a new trial because the trial court allowed him to waive his fundamental right to counsel without properly admonishing him, as required by Illinois Supreme Court Rule 401(a) (eff. July 1, 1984). For the following reasons, we vacate defendant's convictions and remand the case for further proceedings.

¶ 3                              I. BACKGROUND

¶ 4                              A. Initial Charges

¶ 5        On April 20, 2022, defendant was issued three citations during a traffic stop by Jerseyville police officer Travis Lyles, including citations for driving with a suspended license (625 ILCS 5/6-303(a) (West 2022)), operating a motor vehicle with no insurance (*id.* § 3-707(a)), and operating a motor vehicle with an expired registration displayed (*id.* § 3-413(f)). On May 2, 2022, defendant filed a *pro se* "Petition for Abatement," which was interpreted, in part, by the trial court as a request for verification of the citations pursuant to section 111-3(b) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(b) (West 2022)). Thereafter, the State filed a three-count verified complaint of the citations (Jersey County Case No. 22-MT-205).

¶ 6        On July 25 and August 8, 2022, defendant filed a *pro se* "First Amended Petition for Abatement," arguing, *inter alia*, the case should be dismissed for improper service. The trial court scheduled the case for defendant's first appearance and a hearing on the petition on August 16, 2022. Defendant failed to appear; therefore, his petition was denied. The clerk was directed to issue a rule to show cause to defendant.

¶ 7        On September 20, 2022, defendant filed a *pro se* "Brief" to bring a "Challenge of this Courts [*sic*] Personal and Subject Matter Jurisdiction." The trial court granted the State 14 days to respond, scheduled defendant's motion and the rule to show cause for hearing on October 25 and ordered defendant to appear at that hearing. Defendant failed to appear and a warrant for

his arrest was issued, with bail set at $1500. Defendant was arrested on November 3, 2022, and brought before the trial court. Defendant posted a 10% appearance bond but refused to sign the certificate acknowledging he understood the terms and conditions of the bond. Defendant was ordered to appear for arraignment on November 22. The State issued a rule to show cause for defendant's refusal to submit to fingerprinting after he was arrested.

¶ 8        At the hearing on November 22, 2022, the trial court began by asking defendant if he was prepared to present his motion to dismiss. Defendant said he was not prepared, but subsequently advised the court he wished to proceed. After hearing arguments, the court denied defendant's motion. The court then moved to defendant's arraignment. The court advised defendant of the three charges pending and advised him as follows:

> "[T]he driving on the suspended license [charge], the most serious
> of the offenses, would be a class A misdemeanor. That means you
> could face a possible sentencing range of up to a year in jail and a
> $2,500 fine. Uh, the remaining matters will be petty offenses
> subject to a fine only."

We note that at this time, the court referred to another complaint against defendant for driving with a suspended license (identifying it as Jersey County Case No. 22-MT-304), which is not part of this appeal. Referring to the two charges of driving with a suspended license, the court admonished defendant of his rights and stated, because "two of these citations do involve uh, at least two class A misdemeanors to which there is a possibility of jail time," he had the right to have an attorney, and if he was unable to afford to hire an attorney, one could be appointed to represent him. The court asked defendant if he wished to have an attorney represent him. Defendant replied, "No."  When asked if he wished to enter a plea, defendant replied, "I do not."

After some discussion, and over defendant's objection, the court took defendant's silence as a plea of not guilty. Defendant requested "discovery for personal jurisdiction," and the court ordered the State to produce any evidence it planned to use at trial. The pretrial conference was set for January 11, 2023. On that day, defendant filed a motion to continue, which was granted. The pretrial conference was rescheduled for March 15.

¶ 9 At the hearing on March 15, 2023, the trial court again admonished defendant of the charges against him in the two pending cases (Case Nos. 22-MT-205 and 22-MT-304), noting the most serious offenses were the Class A misdemeanor charges for driving on a suspended license. The court stated:

> "I think I've previously advised you, bear with me, I have to go
> through this every time. You are presumed innocent of these
> charges because these offense[s] include a class A misdemeanor
> which carries a possibility of jail time. That doesn't mean that will
> be your sentence but because it carries that possibility, you do have
> the right to an attorney. If you can't afford an attorney and you
> want counsel, the Court can appoint a public defender to represent
> you or you can choose to represent yourself. Mr. Kirby, would you
> like to have court appointed counsel with respect to these matters?"

In response, defendant commented about a motion to continue he filed that morning. The court asked him to address the question of attorney representation first, and defendant replied, "I'll represent myself." The court restated, "[W]e'll just note for the record you've been admonished of your right to counsel. You've waived that right and you're going to proceed today representing yourself." A discussion was held about defendant's pending motion to continue the

case. Defendant explained he was seeking resolution of the child support case which resulted in his license being suspended. Over the State's objection, the court granted defendant's request for a continuance and set the matter for a pretrial hearing on June 20, 2023. The court acknowledged there were additional charges pending against defendant and decided to schedule all matters for the same dates moving forward.

¶ 10                                              B. Additional Charges

¶ 11            On February 17, 2023, defendant was stopped while driving by Jerseyville police officer Nichlas Woelfel and issued citations for driving with a suspended license (625 ILCS 5/6-303(a) (West 2022)), operating a motor vehicle without valid registration displayed (*id.* § 3-701(a)(1)), and operating a motor vehicle with no insurance (*id.* § 3-707(a)) (case No. 23-MT-73). On February 22, defendant was stopped by Sergeant Kevin Ayres of the Jersey County Department and cited for driving with a suspended license (*id.* § 6-303(a)) and having no valid registration (*id.* § 3-707(a)) (Jersey County Case No. 23-MT-85). On February 25, defendant was pulled over by Sergeant Matthew Schultz and issued citations for driving with a suspended license (*id.* § 6-303(a)), operating an uninsured motor vehicle (*id.* § 3-707(a)), and operating a motor vehicle with no registration or expired registration (*id.* § 3-701(a)(1)) (Jersey County Case No. 23-MT-94).

¶ 12                                          C. Consolidation of the Charges

¶ 13            On September 6, 2023, a pretrial hearing was held on all pending cases (the cases adjudicated were Nos. 23-MT-205, 23-MT-73, 23-MT-85, 23-MT-94, and resolution of Case No. 23-MT-304 was not discussed in the record). The trial court advised defendant again that the most serious offense was the Class A misdemeanor of driving with a suspended driver's license. The court explained again:

"I have to advise you that's a class A misdemeanor. You could face up to a year in jail and a $2,500.00 fine. Because that offense does carry the possibility of jail time—not saying that's what's going to happen because there is that possibility, you have the right—you always have the right to have an attorney represent you but if you wanted an attorney and you couldn't afford one, the Court could appoint a public defender. So, I have to admonish you that every time on these criminal proceedings. Sir, do you wish to have a public defender, hire your own attorney or present [*sic*] yourself?"

Defendant replied, "No, I will represent myself." The matter was set for a jury trial on October 3, 2023. When discussing the schedule, the following colloquy took place:

"[THE STATE]: That's fine, Judge. Are we going on all cases or individually?That's up to [defendant], I believe.

THE COURT: Mr. Kirby, you do have four separate citations…

DEFENDANT: Just run them all concurrent.

THE COURT: Do we want to get them all done?

DEFENDANT: Yep.

THE COURT: We'll get each case and every witness who was—will be under subpoena by the State to support each charge. So, we'll get it all done in that date if that's agreeable with you, sir.

DEFENDANT: Absolutely. Sounds good."

¶ 14                                   D. Trial

¶ 15         The jury trial commenced on October 3, 2023. Before selecting a jury, the trial court admonished defendant again of his rights and said:

> "[T]he Supreme Court Rule requires that before you embark on representing yourself that I have to make sure that you understand the charges that you are facing. You have the right to represent yourself and I have a duty to protect that right. It's just as important as the right if you wanted to hire a lawyer. Even though I don't necessarily think it's a good idea for anybody to represent themselves, that's certainly your right and you [*sic*] decision to choose to do so."

The court briefly examined defendant, asking him if he had any trouble reading, writing, or understanding English; he said no. The court asked defendant whether there was "anything going on in your life or with your [*sic*] right now that would make it difficult for you to actively participate in your jury trial today?" and defendant replied, "Absolutely not." The court listed all the charges against defendant and explained driving with a suspended license was

> "the highest class offense of all of those tickets that being a class A misdemeanor as I mentioned to you previously before. Because that does carry the possibility of a sentence of up to 364 days in jail or a $2,500.00 fine—because it does carry the possibility of jail time, Mr. Kirby, if you said I want a lawyer but I can't afford one, the Court would appoint one to represent you. Okay?"

Defendant replied, "Yes." The court then explained in detail to defendant the "dangers of proceeding without a lawyer and the reason that our law does favor that you be defended by a lawyer." Defendant said he understood.

¶ 16        The jury was impaneled. The State presented the testimony of Officer Lyles, Officer Woelfel, Sergeant Ayres, and Sergeant Schultz regarding each of their traffic stops of defendant. Defendant did not offer any evidence. The jury found defendant guilty on all 10 counts in all four cases.

¶ 17        Defendant was sentenced on November 7, 2023. At the hearing, the State recommended defendant be sentenced to the following in each of the four cases: one year of conditional discharge, 60 days in jail, a $500 fine, and $325 in costs. The State further recommended the four jail sentences to be served consecutively, with day-for-day credit to apply. The aggregate sentence recommended by the State was 240 days in jail, one year of conditional discharge, and fines and costs of $1300. Defendant expressed concerns about losing his job and said he was employed full-time, working 12 hours a day 6 days a week. He stated the suspension of his driver's license had been lifted, but he still needed to pay a $70 fee to the Illinois Secretary of State to get it reinstated. When asked by the trial court, the State had no objection to work release. The court sentenced defendant to 30 days in jail with work release, one year of conditional discharge to follow, and $1300 in fines and costs.

¶ 18        This appeal followed.

¶ 19                        II. ANALYSIS

¶ 20        Defendant argues the trial court erred by allowing him to waive his fundamental right to counsel without properly admonishing him, as required by Illinois Supreme Court Rule 401(a) (eff. July 1, 1984). He contends the court failed to inform him of the possible penalties he

faced, namely, that conditional discharge was a possible sentence. The record reveals defendant forfeited this issue by failing to object during the proceedings or raise the matter in a posttrial motion. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). However, this court will review forfeited issues under the plain-error doctrine under two circumstances:

> "(1) when a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) when a clear or obvious error occurred and the error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Moon*, 2022 IL 125959, ¶ 20.

Because the right to counsel is fundamental, claims of improper waiver of that right are reviewable under the second prong of the plain-error doctrine. *People v. McKee*, 2022 IL App (2d) 210624, ¶ 17. Under the second-prong analysis, "[p]rejudice to the defendant is presumed because of the importance of the right involved, '*regardless* of the strength of the evidence.' " (Emphasis in original.) *People v. Herron*, 215 Ill. 2d 167, 187 (2005) (quoting *People v. Blue*, 189 Ill. 2d 99, 138 (2000)). In addressing a claim under either prong of the plain-error doctrine, we must first determine whether any error occurred.

¶ 21 A defendant has a "right to self-representation that is as basic and fundamental as [the] right to be represented by counsel." (Internal quotation marks omitted.) *People v. Marcum*, 2024 IL 128687, ¶ 43 (citing *People v. Wright*, 2017 IL 119561, ¶ 39). Therefore, a defendant may waive his right to counsel if that waiver is voluntary, knowing, and intelligent. *Id.* Illinois

Supreme Court Rule 401(a) (eff. July 1, 1984) governs a defendant's exercise of his right to waive counsel and provides:

"Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court."

¶ 22    While compliance with Rule 401(a) is necessary for an effective waiver of counsel, courts recognize that strict, technical compliance is not always required. *People v. Haynes*, 174 Ill. 2d 204, 236 (1996). Substantial compliance will effectuate a waiver "if the record indicates that the waiver was made knowingly and voluntarily, and the admonishment the defendant received did not prejudice his rights." *Id.* Whether the trial court properly admonished a defendant under Rule 401(a) is a question of law which we review *de novo*. *People v. Washington*, 2016 IL App (1st) 131198, ¶ 50.

¶ 23    To substantially comply with Rule 401(a), "a trial court's admonitions regarding the *maximum* penalty must be 'accurate' before the court accepts the defendant's waiver of

counsel." (Emphasis in original.) *People v. Bahrs*, 2013 IL App. (4th) 110903, ¶ 15 (quoting *People v. Koch*, 232 Ill. App. 3d 923, 927 (1992)). "To be accurate, the admonitions regarding the maximum penalty must be complete, and to be complete, the admonitions must inform the defendant of the consecutive running of any prison term, as the rule requires (Ill. S. Ct. R. 401(a)(2) (eff. July 1, 1984))." *Id.*

¶ 24    In this case, the trial court failed to accurately admonish defendant regarding his possible maximum sentence. Although defendant focuses his argument on whether the trial court was required to inform him of the possibility of imposing a sentence of conditional discharge, we find error elsewhere. The court repeatedly admonished defendant that because he was charged with driving on a suspended license, which is a Class A misdemeanor, he faced up to a year in jail. However, defendant was charged with four separate counts of driving on a suspended license, and the sentences on each of those counts could have been ordered to run consecutively. The court never admonished defendant of this possibility. Although the maximum aggregate sentence defendant could have received was a one-year sentence (see 730 ILCS 5/5-8-4(f)(2) (West 2022) ("When sentenced only for misdemeanors, a defendant shall not be consecutively sentenced to more than the maximum for one Class A misdemeanor.")), defendant should have been admonished of the possibility of consecutive sentences adding up to one year on those four charges before he waived his right to counsel.

¶ 25    It was not until defendant's sentencing hearing that the possibility of consecutive sentences was raised in this case. The State argued there was "no basis for leniency" and recommended that the trial court impose four consecutive 60-day sentences for the four Class A misdemeanor charges. The court asked the State, "Is there authority for consecutive sentences on traffic violations?" The State replied, "There is nothing that has prohibited it that the State is

aware of." The fact that defendant was only sentenced to 30 days in jail with work release and a year of conditional discharge thereafter is of no consequence concerning whether defendant was properly admonished regarding his waiver of counsel. We agree with the reasoning in *People v. McKee*, 2022 IL App (2d) 210624, ¶ 40, where the appellate court determined the defendant's waiver of his right to counsel was "unknowing and involuntary" because the trial court failed to advise the defendant in that case that he faced possible consecutive sentences on two Class A misdemeanors. The court explained, "Regardless of whether consecutive sentences were permissive and might not ultimately be imposed, [the] defendant was subject to them when he waived counsel. Thus, the trial court was required to admonish [the] defendant as to that possibility." *Id.* ¶ 35.

¶ 26        The State argues defendant cannot show that "any lack of admonishment" would have affected his decision to waive counsel and proceed *pro se* at trial. We rejected this position in *Bahrs*, 2013 IL App (4th) 110903, ¶ 56, finding, "on direct appeal, the burden is not on the defendant to show a lack of prejudice in order to reach the question of whether the record affirmatively shows a knowing and voluntary waiver of counsel." Likewise, we reject the State's assertion that defendant had a "high degree of legal expertise, such that it can be confidently assumed that he knew the maximum penalty." The record, including the transcripts of the proceedings and defendant's history of traffic-related offenses, does not support the assertion defendant possessed a high degree of legal sophistication that would render his waiver knowing and intelligent despite the insufficient admonitions.

¶ 27        Because defendant was not properly admonished in accordance with Rule 401(a) before waiving his right to counsel, his waiver was not knowing or voluntary. Therefore, his convictions must be vacated and the cause remanded. Because defendant does not argue the

evidence was insufficient and specifically asks for a new trial, his retrial is not barred by double jeopardy. See *McKee*, 2022 IL App (2d) 210624, ¶ 42; *People v. Bannister*, 378 Ill. App. 3d 19, 29 (2007). Further, because we also determine the evidence was sufficient to support defendant's convictions, a retrial would not violate double jeopardy. See *People v. Drake*, 2019 IL 123734, ¶ 21 (stating a retrial is proper if the evidence presented at the initial trial was sufficient to sustain the conviction). Accordingly, we vacate defendant's convictions and remand this cause for further proceedings consistent with this order.

¶ 28                                      III. CONCLUSION

¶ 29            For the reasons stated, we vacate defendant's convictions and remand for further proceedings consistent with this order.

¶ 30            Vacated and remanded.